**THE STATE OF NEW HAMPSHIRE**

GRAFTON, SS                                                    SUPERIOR COURT

**CLERK'S CERTIFICATE**

I, David P. Carlson, Clerk of the Superior Court of the State
of New Hampshire for the County of Grafton, the same being a court
of record having a seal, do hereby certify that I am the lawful
custodian of the seal, files, records and proceedings of said
Court, and also the files and records of the Supreme Court of
Judicature, the Circuit Court and the Supreme Court, heretofore
existing in said State and that I am by law the proper person to
make out and certify copies thereof. I further certify that:

the attached is a true copy of the case summary and pleadings in
Grafton County Superior Court Docket No. 215-2011-CV-338, Grand
Encampment of Knights Templar of the United States of America, et
al vs. Conference of Grand Masters of Masons in North America,
Inc., et al

In witness whereof I have hereunto set my hand and affixed
the seal of said Superior Court this 11th day of October, 2011.

$$\mathcal{D} \supset \mathcal{G} / \mathcal{A}$$

_____, Clerk

David P. Carlson

# CASE SUMMARY

## CASE NO. 215-2011-CV-00338

| Grand Encampment of Knights Templar of the United States of America, et al v Conference of Grand Masters of Masons in North America, Inc., et al | § § § § | Location: Grafton Superior Court<br>Filed on: 08/05/2011 |
|---|---|---|

---

### CASE INFORMATION

Case Type: **Tort-Libel/Slander/Defamation**

Case Status: **10/05/2011 Closed**

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Plaintiff** | Grand Commandery of Knights Templar of New Hampshire<br>*c/o S.K. Dennis A. Sheridan*<br>*PO Box 621*<br>*Littleton, NH 03561-0621* | Ramsdell, Michael D., ESQ<br>*Retained*<br>603-224-2381(W) |
| | Grand Encampment of Knights Templar of the United States of America<br>*c/o S.K. Lawrence E. Tucker*<br>*5909 West Loop South, Suite 495*<br>*Bellaire, TX 77401-2402* | Ramsdell, Michael D., ESQ<br>*Retained*<br>603-224-2381(W) |
| **Defendant** | Almy, Glenn E<br>*102 South Broad St.*<br>*PO Box 1019*<br>*Guthrie, OK 73044* | Hage, Jamie N., ESQ<br>*Retained*<br>603-668-2222(W) |
| | Andress, Ronald G<br>*2509 Lakewood Circle*<br>*Tuscaloosa, AL 35405* | Pro Se<br>205-799-2796(H) |
| | Bousquet, Ed<br>*62649 Erickson Road*<br>*Bend, OR 97701-9704* | |
| | Conference of Grand Masters of Masons in North America, Inc.<br>*c/o Secretary/Treasurer Glenn Means*<br>*2019 Northeast Avanti Court*<br>*Blue Springs, MO 64029-9368* | |
| | Lascano, G Santy<br>*123 Alder Street*<br>*Everett, WA 98203* | |
| | Miller, William R<br>*30725 21st Street Avenue, Southwest*<br>*Federal Way, WA 98023* | |
| | Owen, David P<br>*1941 Summitt Lake Shore Road Northwest*<br>*Olympia, WA 98502* | |
| | Swaney, Richard L<br>*PO Box 5*<br>*Vienna, IL 62995* | |
| **Co-Counsel -<br>Defendant/Respondent** | Davidson, Kathleen A., ESQ<br>*Hage Hodes, Professional Association*<br>*1855 Elm Street*<br>*Manchester, NH 03104* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 08/05/2011 | Writ of Summons | Index #1 |

# CASE SUMMARY
## CASE NO. 215-2011-CV-00338

GRAFTON SUPERIOR COURT

| | | |
|---|---|---|
| 08/23/2011 | Receipt of Writ | *Index #2* |
| 09/30/2011 | Special Appearance<br>*of Atty Hage & Atty Davidson for Glenn Almy* | *Index #3* |
| 10/03/2011 | Motion to Extend Deadlines<br>*to Answer Complaint for 30 days; fb Andress; assented to by pltf* | *Index #4* |
| 10/03/2011 | Affidavit of Service<br>*fb pltfs* | *Index #5* |
| 10/03/2011 | Motion to Add Party<br>*Re Donald H. Yankey; fb pltfs* | *Index #6* |
| 10/03/2011 | Other<br>*Pltfs' Amended Declaration* | *Index #7* |
| 10/04/2011 | Return Day | |
| 10/05/2011 | Notice-Removal to Federal Dist Ct<br>*fb defts, Lascano, Owen & Miller* | *Index #8* |
| 10/05/2011 | **Removed to Federal District Court** | |

| TARGET DATE | TIME STANDARDS |
|---|---|
| 10/13/2011 | Obj M/Add Party (#6) |

# The State of New Hampshire

215-2011-CV-338

## SUPERIOR COURT

GRAFTON COUNTY                                      GCSC=AUG 5'11AM 8:16 COURT

(xx) JURY

WRIT OF SUMMONS

Grand Encampment of Knights Templar
of the United States of America
c/o S.K. Lawrence E. Tucker
5909 West Loop South, Suite 495
Bellaire, Texas  77401-2402

and

Grand Commandery of Knights Templar
of New Hampshire
c/o S.K. Dennis A. Sheridan
P.O. Box 621
Littleton, NH  03561-0621

Conference of Grand Masters of
Masons in North America, Inc.
c/o Secretary/Treasurer Glenn Means
2019 Northeast Avanti Court
Blue Springs, MO  64029-9368

v.

G. Santy Lascano
123 Alder Street
Everett, WA  98203

David P. Owen
1941 Summitt Lake Shore
Road Northwest
Olympia, WA  98502

Ed Bousquet
62649 Erickson Road
Bend, OR  97701-9704

Glenn E. Almy
102 South Broad Street
P.O. Box 1019
Guthrie, OK  73044

Ronald G. Andress
2509 Lakewood Circle
Tuscaloosa, AL  35405

Richard L. Swaney
P.O. Box 5
Vienna, IL  62995

William R. Miller, 30725 21st Street Avenue, Southwest, Federal Way, Washington  98023

The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the
Superior Court at the address listed below by the return day of this writ which is the first Tuesday of **October**

**2011** .                                                                                                    **MONTH**
**YEAR**

The PLAINTIFF(S) state(s):              See attached Declaration.

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.

_____                                              August 3, 2011
INDORSER (sign and print name)                                                      DATE OF WRIT
Michael D. Ramsdell, Esq., counsel for the United States of America and Grand Commandery of
Knights Templar of New Hampshire      **NOTICE TO THE DEFENDANT**

The Plaintiff listed above has begun legal action against you. **You do not have to physically appear** in Court on the return day listed above since there will be no hearing
on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by that date. (Appearance forms
may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return
day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, Tina L. Nadeau, Chief Justice, Superior Court

_____
SIGNATURE OF PLAINTIFF/ATTORNEY

_____
David P. Carlson, Clerk
NH Superior Court Grafton County
3785 Dartmouth College Hwy.
North Haverhill NH 03774
(603) 787-6961

Michael D. Ramsdell, Esq. (NH Bar No. 2096)
PRINTED/TYPED NAME

Orr & Reno, P.A.
One Eagle Square, P.O. Box 3550
ADDRESS

Concord, NH  03302-3550      / (603) 224-2381
PHONE

213-003-2

THE STATE OF NEW HAMPSHIRE

GRAFTON, SS.                                      SUPERIOR COURT

Grand Encampment of Knights Templar of the United States of America
c/o S. K. Lawrence E. Tucker
5909 West Loop South, Suite 495
Bellaire, Texas 77401-2402; and

Grand Commandery of Knights Templar of New Hampshire
c/o S.K. Dennis A. Sheridan
P.O. Box 621
Littleton, NH 03561-0621

v.

Conference of Grand Masters of Masons in North America, Inc.
c/o Secretary/Treasurer Glenn Means
2019 Northeast Avanti Court
Blue Springs, MO 64029-9368;

G. Santy Lascano
123 Alder Street
Everett, WA 98203;

David P. Owen
1941 Summit Lake Shore Road Northwest
Olympia, WA 98502;

Ed Bousquet
62649 Erickson Road
Bend, OR 97701-9704;

Glenn E. Almy
102 South Broad Street
P.O. Box 1019
Guthrie, OK 73044;

Ronald G. Andress
2509 Lakewood Circle
Tuscaloosa, AL 35405;

Richard L. Swaney
P.O. Box 5
Vienna, IL 62995; and

William R. Miller
30725 21ST Avenue, Southwest
Federal Way, Washington 98023

## DECLARATION

Plaintiffs the Grand Encampment of Knights Templar of the United States of

America and the Grand Commandery of Knights Templar of New Hampshire, by and

through their counsel, Orr & Reno, P.A., submit the following Declaration against

Defendants Conference of Grand Masters of Masons in North America, Inc., G. Santy

Lascano, David Owen, Ed Bosquet, Glenn E. Almy, Ronald G. Andress, Richard L.

Swaney and William R. Miller:

## Introduction

1.     This case involves Defendant Conference of Grand Masters of Masons in

North America, Inc. and several individuals, including the members of the Commission

on Information for Recognition and current or former officers of Grand Lodges of

Oregon, Washington, Oklahoma, Alabama, and Illinois, conspiring to interfere with the

Plaintiff Grand Encampment of Knights Templar of the United States of America's

contractual relationships with Grand Commanderies of Knights Templar and individual

Sir Knights through the use of defamatory misrepresentations. Consequently, the Grand

Encampment of Knights Templar of the United States of America and the Grand

Commandery Knights Templar of New Hampshire assert claims of civil conspiracy,

interference with contractual relationships, defamation, and intentional and negligent

misrepresentation against the Defendant organization and individuals.

2

**Parties**

2.     Plaintiff Grand Encampment of Knights Templar of the United States of America (the "Grand Encampment") is a voluntary association and fraternal organization that traces its roots to the 11th century.  In February 1905, the United States Congress recognized the Grand Encampment and bestowed it with corporate status, including the right to hold and manage gifts and devises provided to it.  The Grand Encampment's mailing address is c/o Sir Knight ("S.K.") Lawrence E. Tucker, 5909 West Loop South, Suite 495, Bellaire, Texas 77401-2402.  The Grand Encampment has significant ties to New Hampshire, which are described in the succeeding paragraph.

3.     Plaintiff Grand Commandery of Knights Templar of New Hampshire (the "Grand Commandery") is a voluntary association and fraternal organization.  It is deemed a corporation pursuant to RSA 292:12-14.  The Grand Commandery's mailing address is c/o S.K. Dennis A. Sheridan, P.O. Box 621, Littleton, New Hampshire 03561-0621.  S.K. Sheridan, the Grand Recorder of the Grand Commandery, is the designated New Hampshire representative of the Grand Encampment and the personal representative of Grand Encampment Grand Master S.K. William H. Koon, II.  All past Grand Commanders of the Grand Commandery and the current Grand Commander and his three senior officers are members of the Grand Encampment.  The Grand Commandery also boasts the Chairman of the Grand Encampment's Committee on Templar Jurisprudence, a Trustee of the Grand Encampment's Permanent Fund and a member of the Grand Encampment's Committee on Educational Foundation.

4.     Defendant Conference of Grand Masters of Masons in North America, Inc. ("Conference") is a voluntary association and fraternal organization.  It is a

corporation of the State of Missouri. Its mailing address is c/o Secretary/Treasurer Glenn Means, 2019 Northeast Avanti Court, Blue Springs, MO 64029-9368.

5. Defendant G. Santy Lascano is the Past Grand Master of the Grand Lodge of Free and Accepted Masons of Washington ("GLWA"), a voluntary association and fraternal organization. His mailing address is 123 Alder Street, Everett, WA 98203.

5. Defendant David Owen is the Grand Secretary of GLWA. His mailing address is 1941 Summit Lake Shore Road, Northwest, Olympia, WA 98502.

6. Defendant Ed Bousquet is the Past Grand Master of the Grand Lodge of Free and Accepted Masons of Oregon ("GLOR"), a voluntary association and fraternal organization. His mailing address is 62649 Erickson Road, Bend, OR 97701-9704.

7. Defendant Glenn E. Almy is the Grand Master of the Grand Lodge of Ancient Free and Accepted Masons of Oklahoma ("GLOK"), a voluntary association and fraternal organization. His mailing address is 102 South Broad Street, P.O. Box 1019, Guthrie, OK 73044.

8. Defendant Ronald G. Andress is the Grand Master of the Grand Lodge of Free and Accepted Masons of Alabama ("GLAL"), a voluntary association and fraternal organization. His mailing address is 2509 Lakewood Circle, Tuscaloosa, AL 35405

9. Defendant Richard L. Swaney is the Grand Master of the Grand Lodge of Ancient Free and Accepted Masons of Illinois, a voluntary association and fraternal organization. His mailing address is P.O. Box 5, Vienna, Il 62995.

10. Defendant William R. Miller is the Sovereign Grand Inspector General for the State of Washington of the Ancient Accepted Scottish Rite, Southern Jurisdiction

4

("AASRSJ"), and Grand Minister of State of the AASRSJ. His mailing address is 30725 21ST Avenue, Southwest, Federal Way, WA 98023.

### Jurisdiction and Venue

11.     This Court has jurisdiction over the subject matter of this proceeding pursuant to RSA 491:7. Venue is proper in Grafton County Superior Court because S.K. Sheridan resides in the jurisdiction, some of the Defendants' conduct occurred in Grafton County and the impact of Defendants' conduct reached into Grafton County.

### Knights Templar, Grand Encampment and Grand Commandery

12.     The Knights Templar is a chivalric Masonic, Christian-oriented, voluntary and fraternal association based on an ancient organization that was founded in the 11th century. It operates on national, state and local levels, and annually raises millions of dollars for charitable purposes, including the support of Masonic-related youth groups. Its principal charities, The Knights Templar Eye Foundation, the Knights Templar Educational Foundation, and the Holy Land Pilgrimage Fund are 501(c)(3) entities and dependent upon contributions chiefly from members of the Order. The charities draw upon the officers of the Grand Encampment for their governance.

13.     The Grand Encampment is the national level of the Knights Templar. It promulgates the laws governing the state and local level organizations. The three highest ranking officers are the Grand Master, the Deputy Grand Master and the Grand Generalissimo. The state level is the Grand Commandery and local level organizations are known as Commanderies. The Grand Commandery was established in May 1826.

14.     Pursuant to the Constitution of the Grand Encampment, the Grand Encampment "has supreme legislative, judicial and executive power and jurisdiction over

5

the Orders of the Red Cross, Knights of Malta and Knights Templar within the United

States of America and geographical regions over which the United States exercises

jurisdiction." The Grand Master is bestowed with the "power and authority to do and

perform all such acts as he may deem for the interests of Templary and which are not

contrary to [Templar law]." The specific responsibilities vested in the Grand Master

include the following:

> (a)    To maintain a watchful supervision over all Commanderies,
> Grand, Constitutent and Subordinate; to see that all the
> Constitutional enactments, the Statutes, Edicts, Rules and
> Regulations of the Grand Encampment are duly and
> promptly obeyed . . .[;]
>
> (b)    To visit and preside over any Grand, Constituent or
> Subordinate Commandery[;] . . . [and]
>
> (c)    [T]o issue his proxy to any such member authorizing him to
> visit, inspect and preside over any Grand Commandery . . ..

The Grand Master is also President of the Knights Templar Eye Foundation, Inc.

15.    The Grand Commandery and Commanderies in each state are charged

with collecting certain charitable funds, including contributions to the Knights Templar

Educational Foundation, the Holy Land Pilgrimage Fund and the Knights Templar Eye

Foundation, Inc. Separately, each Commandery collects dues from its individual Sir

Knights and a portion of the funds are forwarded to the Grand Encampment to support its

operations.

## GRAND PRIORY OF SCOTTISH REFORMED AND RECTIFIED RITE

16.    The Rectified Scottish Rite (the "RER")[1] is the world's oldest

continuously extant chivalric Masonic Order. The RER's governing bodies are called

Great Priories. On January 22, 2011, in Marseilles, France, a patent was granted to the

---

[1] In the original French, *Rite Ecossais Rectifié*

Grand Encampment establishing the Eleventh Province of the RER. The Grand

Encampment's Grand Master was installed as the Master of the Grand Priory of the RER

of the United States of America. By these acts, the Great Priory of Occitania conferred

upon the Grand Encampment the right to practice, and to bestow, the 4th through 6th

Degrees of the Rectified Scottish Right.[2] The attendees at the ceremony included

members of the following organizations: National Grand Lodge of France, American

Canadian Grand Lodge, United Grand Lodge of England, and the Grand Lodges of

Illinois, Indiana, New York, Ohio, Tennessee and Texas, all of them widely

acknowledged as regular[3] and recognized.

## THE DEFAMATORY AND CONSPIRATORIAL CONDUCT

17.    In February 2011, Defendant Conference's Commission on Information

for Recognition ("Commission") declared that:

> the Great Priory of Occitania is an irregular body. It was self-created in 1995 by
> former members of the Great Priory of Gauls, which was declared irregular by the
> Grande Loge Nationale Francaise ["GLNF"], and its members expelled.[4]

The Commission went on to state that:

> [t]his Commission does not normally concern itself with the affairs of appendant
> bodies; however, it is concerned about the negative impact on the established
> system of regularity in North American Freemasonry that may be caused by
> members of our Grand Lodges setting a precedent by becoming affiliated with
> organizations that receive their charter from an irregular source.

18.    The falsity of this statement was acknowledged by no less an authority

than Sir Knight and Brother Jean-Claude Tardivat, who served as the Deputy Grand

Master of the GLNF until January of this year. S.K. Tardivat confirmed that no members

---

[2] The 4th through 6th degrees are an esoteric and spiritual form of Templary. The Constitution of the Grand Encampment provides that the degrees can be conferred only through the Grand Encampment.

[3] In this context, "regular" means proper and established by the then-lawfully empowered body.

[4] In this context, "irregular" means falsely or not established by the then-lawfully empowered body.

7

of Great Priory of Occitania had been expelled from the GLNF; rather, some members of

the Grand Priory had voluntarily relinquished their membership in that body. Moreover,

the Commission's limited purpose had been stated by the committee appointed in 1951,

by Most Worshipful Brother Reginald E. Goldsmith, Grand Master of the Grand Lodge

of New Hampshire, then Chairman of the Conference as follows:[5]

> Purpose: It shall be the duty of the Commission to assemble and collate
> information on Grand Lodges as a service to the Member Grand Lodges of this
> Conference.

To render an opinion concerning an entity other than a Masonic Grand Lodge is beyond

the Commission's purview.[6]

19.     Before the issuance of the Commission's report, Defendant Miller

published a "Fact Sheet About the Three Masonic Templar Bodies" in which he declared:

> [t]he problem that arises is that the Grand Encampment has made it known
> that it intends to create "lodges" in every jurisdiction where it has Grand
> Commanderies. To confer the C.B.C.S. degrees. Masonic degrees being
> conferred in every State, under a charter issued by an irregular Masonic
> body!

The allegation is entirely unfounded because the Grand Encampment did not receive

patents from an irregular source and because it has neither formed nor expressed an

intention to form "lodges" within the various States.

20.     Defendant Miller distributed this and similar documents at multiple

functions, including Masonic Week in Alexandria, Virginia, in February, 2011, whose

participants included several New Hampshire Masons and Sir Knights. On or about

March 26, 2011, Defendant Miller presented the documents to Defendant Lascano and

the Officers of the Grand Commandery of Washington. On information and belief,

---

[5] Brother Goldsmith was appointed one of the original members of the Commission the following year.
[6] In fact, at least one Grand Lodge has since forwarded a letter to the Commission rebuking it for exceeding
the scope of its authority and recommending that the members of the Commission be replaced.

Defendant Miller made a similar presentation to Defendant Bosquet. On information and belief, Defendant Miller's purpose in distributing the documents and making the presentations was to motivate and encourage others to disseminate his claims throughout the Grand Lodges and Grand Commanderies of all fifty states, including New Hampshire.

21.    On April 5, 2011, Defendant Lascano issued an edict in which he accused the Grand Encampment of "being associated with an irregular Masonic body in France" and therefore, being "equally irregular." The accusations are false because the Great Priory of Occitania is a regular Masonic body. Importantly, the accusations are devastating because Free and Accepted Masons and Sir Knights are prohibited from interacting with irregular bodies and individuals. In fact, Defendant Lascano's edict concludes as follows:

> I therefore direct all Master Masons in the Jurisdiction of Grand Lodge of
> Washington, Free and Accepted Masons to refrain from any interaction
> with the Grand Encampment Knights Templar of the USA until this
> situation is resolved. Any known actions reference this matter by the
> brethren of this jurisdiction shall be reported to this office immediately.
> Masonic disciplinary actions will be imposed on any violators of this edict
> and will be subject to suspension or expulsion from this jurisdiction.

22.    On April 25, 2011, Defendant Bousquet issued an edict that surpassed Defendant Lascano's edict. Defendant Bousquet's edict states as follows:

> I am declaring the Grand Priory of the Reformed and Rectified Rite of
> the United States of America irregular and clandestine body in Oregon.
> Therefore, until the situation is resolved, an Oregon Mason who holds
> membership in any Masonic Body within, and/or governed by the
> Jurisdiction of the [GLOR] is hereby directed to refrain from any
> interaction with the Grand Priory of the Reformed and Rectified Rite of
> the United States of America or any member or members of this
> organization. This means no Oregon Mason may communicate on
> Masonic subjects formally or informally by the imparting or interchange
> of thoughts, opinions or information of speech, writing or signs. Any
> violation of this edict will result in disciplinary action that may result in
> suspension or expulsion from the Fraternity.

9

23. By letter dated April 20, 2011, Defendant Almy sent a letter to Defendant

Bosquet lauding his "decisive leadership" on the issue. The letter states that members of

the Grand Encampment will be barred from "the upcoming Spring meeting of the Grand

Commandery of Oklahoma." The letter also includes the following directives and

restrictions:

> I am directing Sir Knight Dwayne Dixon, Right Eminent Grand Commander [of
> the Grand Commandery Knights Templar of Oklahoma], to not permit any
> representatives of the Grand Encampment of Knights Templar, or any other Sir
> Knight, who belongs to this irregular body, to attend the upcoming Spring
> meeting of the Grand Commandery of Oklahoma. I will not permit someone who
> has violated the obligation of a Master Mason to sit in a tiled meeting in
> Oklahoma.

Thus, the letter falsely accuses every member of the Grand Priory of the RER of the

United States of America of having violated his Masonic obligations, and is especially

devastating because it invites scorn and detestation from other Masons.

24. Defendant Almy's letter also states that the GLOK "endorses, supports,

and offers whatever assistance is needed in your effort to conclude the matter in a

satisfactory manner." A copy of the letter was provided to the Grand Master of each

state, including New Hampshire.

25. By email dated May 6, 2011, Defendant Owen contacted the Grand

Secretaries of the Grand Lodges of all fifty states, including New Hampshire. The email

states as follows:

> The GM of the [GLWA] has issued an edict declaring the Great Grand
> Priory of Occitania as irregular, and the Grand Priory of the Reformed and
> Rectified Rite of the United States of America, which was formed out of
> the Great Priory of Occitania, is also irregular. The situation has
> consumed way too much of my time but it is necessary. I am wondering
> how many other Grand Lodges have taken some form of action against the

10

Grand Priory of the Reformed and Rectified Rite of the United States of America, or are planning to take action.

This is truly a National Masonic problem.

26.     By letter dated May 29, 2011, Defendant Andress falsely claimed that:

several Alabama Masons have been contacted and offered membership in the subject irregular body.

... it is therefore my decision and ruling that the "Grand Priory of the Reformed and Rectified Rite of the United States" is irregular by Masonic recognition standards and that no member of this Alabama Grand Jurisdiction shall have any interaction with this irregular body.

27.     By letter dated July 8, 2011, Defendant Swaney declared the Grand Priory of the RER of the United States of America "irregular" and decreed that no Illinois Mason "shall have any interaction with nor become a member of this irregular body." Defendant Swaney went on to direct that the letter be made a part of the permanent record of each Masonic Lodge in Illinois.

28.     Upon information and belief, the purpose of the above-described conduct of Defendants Conference, Miller, Lascano, Bousquet, Almy, Owen and Swaney was to motivate and encourage others to disseminate Defendant Miller's claims throughout the Grand Lodges and Grand Commanderies of all fifty states, including New Hampshire.

## CAUSES OF ACTION

### Count I
### Intentional Interference with Contractual Relations

29.     The Grand Encampment and the Grand Commandery reassert all of the facts alleged in paragraphs 1-28 above.

30.     The elements of intentional interferance with contractual relations are: (a) there must be a contractual relationship between the plaintiff and a third party; (b) the

11

defendant must be aware of the contractual relationship; (c) the defendant must intentionally and unlawfully interfere with the relationship; and (d) the plaintiff must be damaged by the interferance. *Singer Asset Finance Co., LLC v. Wyner*, 156 N.H. 468, 478 (2007).

31.     When the Defendants falsely accused the Grand Encampment of being irregular they intentionally interfered with the Grand Encampment's and the Grand Commandery's contractual relationships with their Sir Knights. Specifically, the false accusations impaired each organization's likelihood and ability to collect dues from its Sir Knights, and rendered it impossible for the Grand Encampment to oversee funds collected for the charitable purposes described in paragraph 16 above.

32.     The Grand Encampment and the Grand Commandery are entitled to compensation in the form of monetary damages, plus attorneys' fees and costs, for the damages suffered as a result of Defendants' intentional interference with contractual relations.

## Count II
## Intentional Misrepresentation

33.     The Grand Encampment and the Grand Commandery reassert all of the facts alleged in paragraphs 1-32 above.

34.     When Defendants made the misrepresentations referenced in paragraphs 17-28 above, they made the misrepresentations with knowledge of their falsity or with conscious indifference to their truth with the intention of causing other Masons and Sir Knights to rely on them. The Grand Encampment and the Grand Commandery were damaged by the intentional misrepresentations.

35. The Grand Encampment and the Grand Commandery are entitled to compensation in the form of monetary damages, plus attorneys' fees and costs, for the damages suffered as a result of Defendants' intentional misrepresentations.

### Count III
### Negligent Misrepresentation

36. The Grand Encampment and the Grand Commandery reassert all of the facts alleged in paragraphs 1-35 above.

37. Defendants made the misrepresentations referenced in paragraphs 17-27 above negligently. The Grand Encampment and the Grand Commandery were damaged by the negligent misrepresentations.

38. The Grand Encampment and the Grand Commandery are entitled to compensation in the form of monetary damages, plus attorneys' fees and costs, for the damages suffered as a result of Defendants' negligent misrepresentations.

### Count IV
### Civil Conspiracy

39. The Grand Encampment and the Grand Commandery reassert all of the facts alleged in paragraphs 1-38 above.

40. When Defendants made the misrepresentations and engaged in the conduct referenced in paragraphs 17-28 above, they engaged in a civil conspiracy; that is, they were two or more persons who agreed to, and achieved, an unlawful object and committed one or more overt acts. The Grand Encampment and the Grand Commandery were damaged as a proximate result of the civil conspiracy.

41.     The Grand Encampment and the Grand Commandery are entitled to damages resulting from Defendants' civil conspiracy, including interest and all costs and attorneys' fees as have been incurred by the necessity of this action.

## JURY TRIAL DEMAND

42.     The Grand Encampment and the Grand Commandery assert their rights to a jury trial on their causes of action.

WHEREFORE, the Grand Encampment of Knights Templar of the United States of America and the Grand Commandery of Knights Templar of New Hampshire respectfully request that the Honorable Court:

A.      Award monetary damages, including attorneys' fees and costs, to the Grand Encampment of Knights Templar of the United States of America and the Grand Commandery of Knights Templar of New Hampshire in an amount determined by a jury; and

B.      Grant such additional relief as justice requires.

Respectfully submitted,

GRAND ENCAMPMENT OF KNIGHTS TEMPLAR OF THE UNITED STATES OF AMERICA; and

GRAND COMMANDERY OF KNIGHTS TEMPLAR OF NEW HAMPSHIRE

By their attorneys,

Dated: 8/3/11

By: _____
        Michael D. Ramsdell
        Orr & Reno, P.A.
        One Eagle Square, P.O. Box 3550
        Concord, NH  03102-3550
        (603) 625-1254
        mramsdell@orr-reno.com

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Grafton Superior Court
3785 D.C. Highway
North Haverhill NH 03774

Telephone: (603) 787-6961
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## RECEIPT OF WRIT

Case Name:
Case Number:

**Grand Encampment of Knights Templar of the United States of America, et al
v Conference of Grand Masters of Masons in North America, Inc., et al
215-2011-CV-00338**

The writ in the above-captioned matter was filed with the Clerk of this Court on:  August 05, 2011 at
9:16 a.m.

Grand Commandery of Knights Templar of New Hampshire; Grand Encampment of Knights Templar
of the United States of America or his/her attorney is to attach a copy of this Receipt to identical
copies of the original writ and deliver them to the Sheriff or other legally authorized entity for service
on Conference of Grand Masters of Masons in North America, Inc.; G Santy Lascano; David P Owen;
Ed Bousquet; Glenn E Almy; Ronald G Andress; Richard L Swaney.  Sufficient copies shall be
provided to allow for a service copy for each named defendant and a copy for each officer completing
service to complete the return.  The return copies shall be filed with the Court in accordance with
Superior Court Rule 3.

BY ORDER OF THE COURT

August 23, 2011

David P. Carlson
Clerk of Court

(468)

NHJB-2575-S (02/24/2009)

### THE STATE OF NEW HAMPSHIRE    GCSC-SEP30'11AM10:19

**GRAFTON, SS.**                                    **SUPERIOR COURT**

### SPECIAL APPEARANCE

GRAND ENCAMPMENT OF KNIGHTS TEMPLAR OF THE
UNITED STATES OF AMERICA ET AL

v.

CONFERENCE OF GRAND MASTERS OF MASONS
IN NORTH AMERICA, INC. ET AL

215-2011-CV-00338

Returnable on the first Tuesday of October, 2011                    ( )  Court
                                                                    (X)  Jury

---

SPECIAL APPEARANCE                    WITHDRAWAL

Please enter my special appearance as:    Please withdraw my appearance as:

[X]  Counsel for:                     [ ]  Counsel for:

GLENN E. ALMY

[ ]  Pro se                           [ ]  Pro se

                                      Notice of Withdrawal sent to my clients on:

_____               _____

                                      at the following address:

                                      _____

I hereby certify that duplicates of this notice were

[ ] delivered    [X] mailed to:       Michael D. Ramsdell, Esq.
                                      Orr & Reno, P.A.
                                      P.O. Box 3550
                                      Concord, NH  03302-3550

On:  September 28, 2011          By: _____
                                     Jamie N. Hage, Esq. (NHB #1054)
                                     Kathleen A. Davidson, Esq. (NHB #19535)
                                     Hage Hodes, Professional Association
                                     1855 Elm Street
                                     Manchester, New Hampshire 03104
                                     Tel.: (603) 668-2222

# THE STATE OF NEW HAMPSHIRE

## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

GCSC=OCT 3'11AM18:82

Court Name:   **Grafton Superior Court**

Case Name:   **Grand Encampment of Knights Templar et al v. Conference of Grand Master Masons**

Case Number:   **215-2011-CV-00338**
(if known)

## MOTION TO EXTEND TIME TO ANSWER COMPLAINT

1.   Name of person motioning: <u>**Ronald Andress**</u>          Telephone: <u>**(205) 799-2796**</u>

   Capacity of person motioning: (relationship to case) <u>**Defendant**</u>

   Mailing Address: <u>**2509 Lakewood Circle, Tuscaloosa, Alabama 35405**</u>

2.   Attorney Name: <u>**Steven Tidwell (ASB-5123-V83T)**</u>          Telephone: <u>**(256) 239-0111**</u>

   Mailing Address: <u>**410 Woodland Avenue**</u>

3.   I would like the court to extend the time in which I have to answer the Complaint filed in the above-referenced matter for <u>30</u> days.

4.   The specific basis or reasons for my motion are as follows:

   **The Defendant Andress has been engaged in settlement negotiations with the Plaintiff through his counsel, a licensed Alabama attorney. Those negotiations have reached an impass. The Defendant Andress requests additional time to answer the Complaint in order to secure local counsel in the matter. The Plaintiff's Attorney does not object to this motion and the Defendant respectfully submits this request for extension.**

5.   The plaintiff   ☐ objects   ☑ does not object   to this Motion.

6.   I hereby certify that I have given/mailed a copy of this Motion to [the name of the plaintiff]:
   <u>**Grand Encampment of Knights Templar via Plaintiff's Counsel, Michael Ramsdell**</u>

WHEREFORE, I respectfully request that the Court enter the following order:
A.   That the deadline to answer the Complaint be extended as requested; and

B.   For such other relief as the Court deems just and equitable.

<u>09/28/ 2011</u>                                Signature
Date

   State of <u>Alabama</u>, County of <u>Calhoun</u>

This instrument was acknowledged before me on <u>9-28-2010</u> by <u>Steven Tidwell</u>

My Commission Expires <u>Nov.2012</u>
Affix Seal, if any                          Signature of Notarial Officer / Title

## ORDER

Motion:   ☐ GRANTED   ☐ DENIED   ☐ OTHER:

_____                    _____
Date                                         Presiding Justice

NHJB-2690-S (08/18/2010)

THE STATE OF NEW HAMPSHIRE

Filed 10/3/11

GRAFTON, SS.

SUPERIOR COURT

Docket No. 215-2011-CV-00338

Grand Encampment of Knights Templar of the United States of America

and

Grand Commandery of Knights Templar of New Hampshire

v.

Conference of Grand Masters of Masons in North America, Inc.;
G. Santy Lascano;
David P. Owen;
Ed Bousquet;
Glenn E. Almy;
Ronald G. Andress;
Richard L. Swaney; and
William R. Miller

## **AFFIDAVIT OF SERVICE**

I, Michael D. Ramsdell, counsel for Plaintiffs Grand Encampment of Knights Templar of the United States of America and Grand Commandery of Knights Templar of New Hampshire in the above-captioned action, attest to the veracity of the following:

1. On or about August 3, 2011, the writ in the above-captioned matter was filed with the Grafton County Superior Court.

2. On August 26, 2011, the Secretary of State certified that the writ was served on him on behalf of each of the eight named defendants.

1

3.    On September 8, 2011, certified letters addressed to Defendant Conference of Grand Masters of Masons in North America, Inc., and each of the seven individual defendants were delivered to the Postal Service for delivery to each of the eight named defendants.

4.    On September 12, 2011, the Notice of the certified letter was left at Conference of Grand Masters of Masons in North America, Inc., c/o Secretary/Treasurer Glenn Means, 2019 Northeast Avanti Court, Blue Springs, MO 64029-9368. Thus, service has been accomplished on Conference of Grand Masters of Masons in North America, Inc., pursuant to RSA 510:4 and RSA 304-C:71.

5.    On September 14, 2011, the Notice of the certified letter was delivered to G. Santy Lascano, 123 Adler Street, Everett, WA 98203. Thus, service has been accomplished on G. Santy Lascano pursuant to RSA 510:4 and RSA 304-C:71.

6.    On September 14, 2011, the Notice of the certified letter was delivered to David P. Owen, 1941 Summit Lake Shore Road Northwest, Olympia, WA 98502. Thus, service has been accomplished on David P. Owen pursuant to RSA 510:4 and RSA 304-C:71.

7.    On September 20, 2011, the Notice of the certified letter was delivered to Ed Bousquet, 62649 Erickson Road, Bend, OR 97701-9704. Thus, service has been accomplished on Ed Bousquet pursuant to RSA 510:4 and RSA 304-C:71.

8.    On September 12, 2011, the Notice of the certified letter was delivered to Glenn E. Almy, 102 South Broad Street, P.O. Box 1019, Guthrie, OK 73044. Thus, service has been accomplished on Glenn E. Almy pursuant to RSA 510:4 and RSA 304-C:71.

9.    On September 12, 2011, the Notice of the certified letter was delivered to Ronald G. Andress, 2509 Lakewood Circle, Tuscaloosa, AL 35405. Thus, service has been accomplished on Ronald G. Andress pursuant to RSA 510:4 and RSA 304-C:71.

2

10.    On September 14, 2011, the Notice of the certified letter was delivered to Richard L. Swaney, P.O. Box 5, Vienna, IL 62995. Thus, service has been accomplished on Richard L. Swaney pursuant to RSA 510:4 and RSA 304-C:71.

11.    On September 12, 2011, the Notice of the certified letter was delivered to William R. Miller, 30725 21st Avenue, Southwest, Federal Way, Washington 98023. Thus, service has been accomplished on William R. Miller pursuant to RSA 510:4 and RSA 304-C:71.

Dated: September 30, 2011

_____
Michael D. Ramsdell

THE STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Personally appeared before me on this 30th day of September, 2011, the above-named Michael D. Ramsdell and made oath that the foregoing statements by him subscribed are true to the best of his knowledge and belief.

Before me,

_____
Notary Public/Justice of the Peace

3

Respectfully submitted,

GRAND ENCAMPMENT OF KNIGHTS
TEMPLAR OF THE UNITED STATES OF
AMERICA; and

GRAND COMMANDERY OF KNIGHTS
TEMPLAR OF NEW HAMPSHIRE

By their attorney,

Dated: September 30, 2011          By: _____
                                        Michael D. Ramsdell (Bar No. 2096)
                                        Orr & Reno, P.A.
                                        One Eagle Square, P.O. Box 3550
                                        Concord, NH  03102-3550
                                        (603) 223-9185
                                        mramsdell@orr-reno.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to Attorneys Jamie
N. Hage and Kathleen A. Davidson.

_____
Michael D. Ramsdell

809660_1.DOC

4

THE STATE OF NEW HAMPSHIRE                    SCSC-OCT 3'11AM 9:45

GRAFTON, SS.                                           SUPERIOR COURT

Docket No. 215-2011-CV-00338

Grand Encampment of Knights Templar of the United States of America

and

Grand Commandery of Knights Templar of New Hampshire

v.

Conference of Grand Masters of Masons in North America, Inc.;
G. Santy Lascano;
David P. Owen;
Ed Bousquet;
Glenn E. Almy;
Ronald G. Andress;
Richard L. Swaney; and
William R. Miller

## **PLAINTIFFS' MOTION TO AMEND DECLARATION**

Plaintiffs the Grand Encampment of Knights Templar of the United States of America and the Grand Commandery of Knights Templar of New Hampshire, by and through their counsel, Orr & Reno, P.A., respectfully move to amend the Declaration they filed in support of the writ dated August 3, 2011. In support of their motion, Plaintiffs represent the following:

1.       On or about August 4, 2011, Plaintiffs filed their writ and Declaration, which alleges the following cause of actions: (a) civil conspiracy; (b) interference with contractual relationships; (c) defamation; and (d) intentional and negligent misrepresentation against the Defendant organization and individuals. The return date for the action is October 4, 2011.

1

2.     As of the signing of this pleading, Plaintiffs have received a special appearance

for only one Defendant, Glenn E. Almy. Otherwise, Plaintiffs are unaware of any appearances

having been filed on behalf of the other Defendants.

3.     After the filing of the writ, Plaintiffs became aware of similar conduct by Donald

H. Yankey, Grand Master of the Grand Lodge of Kentucky. Accordingly, Plaintiffs seek to

amend their Declaration to include Mr. Yankey as a defendant in all of the causes of action,

including civil conspiracy.

4.     Consistent with New Hampshire's liberal view on the amendment of claims,

timely substantive amendments are allowed when "just and reasonable." RSA 514:9

("Amendments in matters of substance may be permitted in any action, in any stage of the

proceedings, upon such terms as the court shall deem just and reasonable, when it shall appear to

the court that it is necessary for the prevention of injustice; but the rights of third persons shall

not be affected thereby."). Given that the return date has not yet passed, discovery has not

commenced and no deadlines have been established, Plaintiffs should be afforded the

opportunity to amend their Declaration to add Mr. Yankey as a party Defendant and to add the

necessary additional factual allegations. *See Dent v. Exeter Hospital, Inc.*, 155 N.H. 787, 796

(2007).

5.     A copy of the Amended Declaration is submitted with this pleading.

WHEREFORE, Plaintiffs the Grand Encampment of Knights Templar of the United

States of America and the Grand Commandery of Knights Templar of New Hampshire,

respectfully request that the Honorable Court:

A.     Grant Plaintiffs' Motion to Amend Declaration; and

2

B.      Grant such further relief as justice requires.

Respectfully submitted,

GRAND ENCAMPMENT OF KNIGHTS
TEMPLAR OF THE UNITED STATES OF
AMERICA; and

GRAND COMMANDERY OF KNIGHTS
TEMPLAR OF NEW HAMPSHIRE

By their attorneys,

Dated:  September 30, 2011          By: _____

Michael D. Ramsdell (Bar No. 2096)
Orr & Reno, P.A.
One Eagle Square, P.O. Box 3550
Concord, NH 03102-3550
(603) 223-9185
mramsdell@orr-reno.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to Attorneys Jamie
N. Hage and Kathleen A. Davidson.

_____
Michael D. Ramsdell

809636_1.DOC

3

THE STATE OF NEW HAMPSHIRE

GRAFTON, SS.                                    SUPERIOR COURT

Docket No. 215-2011-CV-00338

Grand Encampment of Knights Templar of the United States of America
c/o S. K. Lawrence E. Tucker
5909 West Loop South, Suite 495
Bellaire, Texas 77401-2402; and

Grand Commandery of Knights Templar of New Hampshire
c/o S.K. Dennis A. Sheridan
P.O. Box 621
Littleton, NH 03561-0621

v.

Conference of Grand Masters of Masons in North America, Inc.
c/o Secretary/Treasurer Glenn Means
2019 Northeast Avanti Court
Blue Springs, MO 64029-9368;

G. Santy Lascano
123 Alder Street
Everett, WA 98203;

David P. Owen
1941 Summit Lake Shore Road Northwest
Olympia, WA 98502;

Ed Bousquet
62649 Erickson Road
Bend, OR 97701-9704;

Glenn E. Almy
102 South Broad Street
P.O. Box 1019
Guthrie, OK 73044;

Ronald G. Andress
2509 Lakewood Circle
Tuscaloosa, AL 35405;

Richard L. Swaney
P.O. Box 5
Vienna, IL 62995;

William R. Miller
30725 21ST Avenue, Southwest
Federal Way, Washington 98023; and

Donald H. Yankey
6599 East Manslick Road
Louisville, KY 40228

## **AMENDED DECLARATION**

Plaintiffs the Grand Encampment of Knights Templar of the United States of America and the Grand Commandery of Knights Templar of New Hampshire, by and through their counsel, Orr & Reno, P.A., submit the following Amended Declaration against Defendants Conference of Grand Masters of Masons in North America, Inc., G. Santy Lascano, David Owen, Ed Bosquet, Glenn E. Almy, Ronald G. Andress, Richard L. Swaney, William R. Miller and Donald H. Yankey:

### **Introduction**

1. This case involves Defendant Conference of Grand Masters of Masons in North America, Inc. and several individuals, including the members of the Commission on Information for Recognition and current or former officers of Grand Lodges of Oregon, Washington, Oklahoma, Alabama, Illinois and Kentucky, conspiring to interfere with the Plaintiff Grand Encampment of Knights Templar of the United States of America's contractual relationships with Grand Commanderies of Knights Templar and individual Sir Knights through the use of defamatory misrepresentations. Consequently, the Grand Encampment of Knights Templar of the United States of America and the Grand Commandery Knights Templar of New Hampshire

assert claims of civil conspiracy, interference with contractual relationships, defamation, and intentional and negligent misrepresentation against the Defendant organization and individuals.

## Parties

2.      Plaintiff Grand Encampment of Knights Templar of the United States of America (the "Grand Encampment") is a voluntary association and fraternal organization that traces its roots to the 11th century. In February 1905, the United States Congress recognized the Grand Encampment and bestowed it with corporate status, including the right to hold and manage gifts and devises provided to it. The Grand Encampment's mailing address is c/o Sir Knight ("S.K.") Lawrence E. Tucker, 5909 West Loop South, Suite 495, Bellaire, Texas 77401-2402. The Grand Encampment has significant ties to New Hampshire, which are described in the succeeding paragraph.

3.      Plaintiff Grand Commandery of Knights Templar of New Hampshire (the "Grand Commandery") is a voluntary association and fraternal organization. It is deemed a corporation pursuant to RSA 292:12-14. The Grand Commandery's mailing address is c/o S.K. Dennis A. Sheridan, P.O. Box 621, Littleton, New Hampshire 03561-0621. S.K. Sheridan, the Grand Recorder of the Grand Commandery, is the designated New Hampshire representative of the Grand Encampment and the personal representative of Grand Encampment Grand Master S.K. William H. Koon, II. All past Grand Commanders of the Grand Commandery and the current Grand Commander and his three senior officers are members of the Grand Encampment. The Grand Commandery also boasts the Chairman of the Grand Encampment's Committee on Templar Jurisprudence, a Trustee of the Grand Encampment's Permanent Fund and a member of the Grand Encampment's Committee on Educational Foundation.

3

4.    Defendant Conference of Grand Masters of Masons in North America, Inc. ("Conference") is a voluntary association and fraternal organization. It is a corporation of the State of Missouri. Its mailing address is c/o Secretary/Treasurer Glenn Means,    2019 Northeast Avanti Court, Blue Springs, MO 64029-9368.

5.    Defendant G. Santy Lascano is the Past Grand Master of the Grand Lodge of Free and Accepted Masons of Washington ("GLWA"), a voluntary association and fraternal organization. His mailing address is 123 Alder Street, Everett, WA 98203.

5.    Defendant David Owen is the Grand Secretary of GLWA. His mailing address is 1941 Summit Lake Shore Road, Northwest, Olympia, WA 98502.

6.    Defendant Ed Bousquet is the Past Grand Master of the Grand Lodge of Free and Accepted Masons of Oregon ("GLOR"), a voluntary association and fraternal organization. His mailing address is 62649 Erickson Road, Bend, OR 97701-9704.

7.    Defendant Glenn E. Almy is the Grand Master of the Grand Lodge of Ancient Free and Accepted Masons of Oklahoma ("GLOK"), a voluntary association and fraternal organization. His mailing address is 102 South Broad Street, P.O. Box 1019, Guthrie, OK 73044.

8.    Defendant Ronald G. Andress is the Grand Master of the Grand Lodge of Free and Accepted Masons of Alabama ("GLAL"), a voluntary association and fraternal organization. His mailing address is 2509 Lakewood Circle, Tuscaloosa, AL 35405

9.    Defendant Richard L. Swaney is the Grand Master of the Grand Lodge of Ancient Free and Accepted Masons of Illinois, a voluntary association and fraternal organization. His mailing address is P.O. Box 5, Vienna, Il 62995.

10.     Defendant William R. Miller is the Sovereign Grand Inspector General for the State of Washington of the Ancient Accepted Scottish Rite, Southern Jurisdiction ("AASRSJ"), and Grand Minister of State of the AASRSJ. His mailing address is 30725 21ST Avenue, Southwest, Federal Way, WA 98023.

11.     Defendant Donald H. Yankey is the Grand Master of the Grand Lodge of Ancient Free and Accepted Masons of Kentucky, a voluntary association and fraternal organization. His mailing address is 6599 East Manslick, Louisville, Kentucky 40228.

### Jurisdiction and Venue

12.     This Court has jurisdiction over the subject matter of this proceeding pursuant to RSA 491:7. Venue is proper in Grafton County Superior Court because S.K. Sheridan resides in the jurisdiction, some of the Defendants' conduct occurred in Grafton County and the impact of Defendants' conduct reached into Grafton County.

### Knights Templar, Grand Encampment and Grand Commandery

13.     The Knights Templar is a chivalric Masonic, Christian-oriented, voluntary and fraternal association based on an ancient organization that was founded in the 11th century. It operates on national, state and local levels, and annually raises millions of dollars for charitable purposes, including the support of Masonic-related youth groups. Its principal charities, The Knights Templar Eye Foundation, the Knights Templar Educational Foundation, and the Holy Land Pilgrimage Fund are 501(c)(3) entities and dependent upon contributions chiefly from members of the Order. The charities draw upon the officers of the Grand Encampment for their governance.

14.     The Grand Encampment is the national level of the Knights Templar. It promulgates the laws governing the state and local level organizations. The three highest

5

ranking officers are the Grand Master, the Deputy Grand Master and the Grand Generalissimo.

The state level is the Grand Commandery and local level organizations are known as

Commanderies. The Grand Commandery was established in May 1826.

15.     Pursuant to the Constitution of the Grand Encampment, the Grand Encampment

"has supreme legislative, judicial and executive power and jurisdiction over the Orders of the

Red Cross, Knights of Malta and Knights Templar within the United States of America and

geographical regions over which the United States exercises jurisdiction." The Grand Master is

bestowed with the "power and authority to do and perform all such acts as he may deem for the

interests of Templary and which are not contrary to [Templar law]." The specific responsibilities

vested in the Grand Master include the following:

    (a)    To maintain a watchful supervision over all Commanderies,
           Grand, Constitutent and Subordinate; to see that all the Constitutional enactments,
           the Statutes, Edicts, Rules and Regulations of the Grand Encampment are duly
           and promptly obeyed . . .[;]

    (b)    To visit and preside over any Grand, Constituent or Subordinate Commandery[;] .
           . . [and]

    (c)    [T]o issue his proxy to any such member authorizing him to visit, inspect and
           preside over any Grand Commandery . . ..

The Grand Master is also President of the Knights Templar Eye Foundation, Inc.

16.     The Grand Commandery and Commanderies in each state are charged with

collecting certain charitable funds, including contributions to the Knights Templar Educational

Foundation, the Holy Land Pilgrimage Fund and the Knights Templar Eye Foundation, Inc.

Each Commandery collects dues from its individual Sir Knights and a portion of the funds are

forwarded to the Grand Encampment.

## GRAND PRIORY OF SCOTTISH REFORMED AND RECTIFIED RITE

17.     The Scottish Rectified Rite (the "RER") is the world's oldest continuously extant chivalric Masonic Order. The RER's governing bodies are called Great Priories. On January 22, 2011, in Marseilles, France, a patent was granted to the Grand Encampment establishing the Eleventh Province of the RER. The Grand Encampment's Grand Master was installed as the Master of the Grand Priory of the RER of the United States of America. The chief officers of the Grand Encampment also serve as the chief officers of the Grand Priory of the RER of the United States of America.

18.     By these acts, the Great Priory of Occitania conferred upon the Grand Encampment the right to practice, and to bestow, the 4th through 6th Degrees of the Rectified Scottish Right.[1] The attendees at the ceremony included members of the following organizations: National Grand Lodge of France, American Canadian Grand Lodge, United Grand Lodge of England, and the Grand Lodges of Illinois, Indiana, New York, Ohio, Tennessee and Texas, all of them widely acknowledged as regular[2] and recognized.

## THE DEFAMATORY AND CONSPIRATORIAL CONDUCT

19.     In February 2011, Defendant Conference's Commission on Information for Recognition ("Commission") declared that:

> the Great Priory of Occitania is an irregular body. It was self-created in 1995 by former members of the Great Priory of Gauls, which was declared irregular by the Grande Loge Nationale Francaise ["GLNF"], and its members expelled.[3]

---

[1] The 4th through 6th degrees are an esoteric and spiritual form of Templary. The Constitution of the Grand Encampment provides that the degrees can be conferred only through the Grand Encampment.
[2] In this context, "regular" means proper and established by the then-lawfully empowered body.
[3] In this context, "irregular" means falsely or not established by the then-lawfully empowered body.

The Commission, of which the Grand Commandery is a member, went on to state that:

> [t]his Commission does not normally concern itself with the affairs of appendant bodies; however, it is concerned about the negative impact on the established system of regularity in North American Freemasonry that may be caused by members of our Grand Lodges setting a precedent by becoming affiliated with organizations that receive their charter from an irregular source.

20.     The falsity of this statement was acknowledged by no less an authority than Sir Knight and Brother Jean-Claude Tardivat, who served as the Deputy Grand Master of the GLNF until January of this year.  S.K. Tardivat confirmed that no members of Great Priory of Occitania had been expelled from the GLNF; rather, some members of the Grand Priory had voluntarily relinquished their membership in that body.  Moreover, the Commission's limited purpose had been stated by the committee appointed in 1951, by Most Worshipful Brother Reginald E. Goldsmith, Grand Master of the Grand Lodge of New Hampshire, then Chairman of the Conference:

> Purpose: It shall be the duty of the Commission to assemble and collate information on Grand Lodges as a service to the Member Grand Lodges of this Conference.

Brother Goldsmith was appointed one of the original members of the Commission the following year.  To render an opinion concerning an entity other than a Masonic Grand Lodge is beyond the Commission's purview.

21.     Before the issuance of the Commission's report, Defendant Miller published a "Fact Sheet About the Three Masonic Templar Bodies" in which he declared:

> [t]he problem that arises is that the Grand Encampment has made it known that it intends to create "lodges" in every jurisdiction where it has Grand Commanderies. To confer the C.B.C.S. degrees.  Masonic degrees being conferred in every State, under a charter issued by an irregular Masonic body!

8

The allegation is entirely unfounded because the Grand Encampment did not receive patents from an irregular source and because it has neither formed nor expressed an intention to form "lodges" within the various States.

22. Defendant Miller distributed this and similar documents at multiple functions, including Masonic Week in Alexandria, Virginia, in February, 2011, whose participants included several New Hampshire Masons and Sir Knights. On or about March 26, 2011, Defendant Miller presented the documents to Defendant Lascano and the Officers of the Grand Commandery of Washington. On information and belief, Defendant Miller made a similar presentation to Defendant Bosquet. On information and belief, Defendant Miller's purpose in distributing the documents and making the presentations was to motivate and encourage others to disseminate his claims throughout the Grand Commanderies of all fifty states, including New Hampshire.

23. On April 5, 2011, Defendant Lascano issued an edict in which he accused the Grand Encampment of "being associated with an irregular Masonic body in France" and therefore, being "equally irregular." The accusations are false because the Great Priory of Occitania is a regular Masonic body. Importantly, the accusations are devastating because Free and Accepted Masons and Sir Knights are prohibited from interacting with irregular bodies and individuals. In fact, Defendant Lascano's edict concludes as follows:

> I therefore direct all Master Masons in the Jurisdiction of Grand Lodge of Washington, Free and Accepted Masons to refrain from any interaction with the Grand Encampment Knights Templar of the USA until this situation is resolved. Any known actions reference this matter by the brethren of this jurisdiction shall be reported to this office immediately. Masonic disciplinary actions will be imposed on any violators of this edict and will be subject to suspension or expulsion from this jurisdiction.

24.     On April 25, 2011, Defendant Bousquet issued an edict that surpassed Defendant

Lascano's edict.  Defendant Bousquet's edict states as follows:

> I am declaring the Grand Priory of the Reformed and Rectified Rite of the
> United States of America irregular and clandestine body in Oregon.  Therefore,
> until the situation is resolved, an Oregon Mason who holds membership in any
> Masonic Body within, and/or governed by the Jurisdiction of the [GLOR] is
> hereby directed to refrain from any interaction with the Grand Priory of the
> Reformed and Rectified Rite of the United States of America or any member or
> members of this organization.  This means no Oregon Mason may communicate
> on Masonic subjects formally or informally by the imparting or interchange of
> thoughts, opinions or information of speech, writing or signs.  Any violation of
> this edict will result in disciplinary action that may result in suspension or
> expulsion from the Fraternity.

25.     By letter dated April 20, 2011, Defendant Almy sent a letter to Defendant

Bosquet lauding his "decisive leadership" on the issue.  The letter states that members of the

Grand Encampment will be barred from "the upcoming Spring meeting of the Grand

Commandery of Oklahoma."  The letter also includes the following directives and restrictions:

> I am directing Sir Knight Dwayne Dixon, Right Eminent Grand Commander [of
> the Grand Commandery Knights Templar of Oklahoma], to not permit any
> representatives of the Grand Encampment of Knights Templar, or any other Sir
> Knight, who belongs to this irregular body, to attend the upcoming Spring
> meeting of the Grand Commandery of Oklahoma.  I will not permit someone who
> has violated the obligation of a Master Mason to sit in a tiled meeting in
> Oklahoma.

Thus, the letter falsely accuses every member of the Grand Priory of the RER of the United

States of America of having violated his Masonic obligations, and is especially devastating

because it invites scorn and detestation from other Masons.

26.     Defendant Almy's letter also states that the GLOK "endorses, supports, and offers

whatever assistance is needed in your effort to conclude the matter in a satisfactory manner."  A

copy of the letter was provided the Grand Master of each state, including New Hampshire.

27.    By email dated May 6, 2011, Defendant Owen contacted the Grand Secretaries of

the Grand Lodges of all fifty states, including New Hampshire. The email states as follows:

> The GM of the [GLWA] has issued an edict declaring the Great Grand Priory of
> Occitania as irregular, and the Grand Priory of the Reformed and Rectified Rite of
> the United States of America, which was formed out of the Great Priory of
> Occitania, is also irregular. The situation has consumed way too much of my time
> but it is necessary. I am wondering how many other Grand Lodges have taken
> some form of action against the Grand Priory of the Reformed and Rectified Rite
> of the United States of America, or are planning to take action.
>
> This is truly a National Masonic problem.

28.    By letter of May 29, 2011, Defendant Andress claimed wrongly that:

> several Alabama Masons have been contacted and offered membership in the
> subject irregular body.
>
> ... it is therefore my decision and ruling that the "Grand Priory of the Reformed
> and Rectified Rite of the United States" is irregular by Masonic recognition
> standards and that no member of this Alabama Grand Jurisdiction shall have any
> interaction with this irregular body.

29.    By letter of July 8, 2011, Defendant Swaney declared the Grand

Priory of the RER of the United States of America "irregular" and decreed that no Illinois Mason

"shall have any interaction with nor become a member of this irregular body." Defendant

Swaney went on to direct that the letter be made a part of the permanent record of each Masonic

Lodge in Illinois.

30.    By Grand Masters Decision dated July 26, 2011, Defendant Yankey not only

reported the Commission's report, but also "declare[d] the Grand Priory of the Reformed and

Rectified Rite of the United States to be irregular . . . ." The Grand Masters Decision further

"direct[ed] that no member of The Grand Lodge of Kentucky, F. & A.M. shall heretofore have

any interaction with this body."

31.  Upon information and belief, the purpose of the above-described conduct of
Defendants Conference, Miller, Lascano, Bousquet, Almy, Owen, Swaney and Yankey was to
motivate and encourage others to disseminate the claim of "irregularity" throughout the Grand
Commanderies of all fifty states, including New Hampshire. Defendants knew such a claim
would result in the Grand Commanderies being prohibited from interacting with Plaintiffs the
Grand Encampment and the Grand Commandery.

## CAUSES OF ACTION

### Count I
### Intentional Interference with Contractual Relations

32.  The Grand Encampment and the Grand Commandery reassert all of the facts
alleged in paragraphs 1-31 above.

33.  The elements of intentional interferance with contractual relations are: (a) there
must be a contractual relationship between the plaintiff and a third party; (b) the defendant must
be aware of the contractual relationship; (c) the defendant must intetntionally and unlawfully
interfere with the relationship; and (d) the plaintiff must be damaged by the interferance. *Singer
Asset Finance Co., LLC v. Wyner*, 156 N.H. 468, 478 (2007).

34.  When the Defendants falsely accused the Grand Encampment of being irregular
they intentionally interfered with the Grand Encampment's and the Grand Commandery's
contractual relationships with their Sir Knights. Specifically, the false accusations impaired each
organization's likelihood and ability to collect dues from its Sir Knights, and rendered it
impossible for the Grand Encampment to oversee funds collected for the charitable purposes
described in paragraph 16 above.

35.     The Grand Encampment and the Grand Commandery are entitled to compensation in the form of monetary damages, plus attorneys' fees and costs, for the damages suffered as a result of Defendants' intentional interference with contractual relations.

## Count II
## Intentional Misrepresentation

36.     The Grand Encampment and the Grand Commandery reassert all of the facts alleged in paragraphs 1-35 above.

37.     When Defendants made the misrepresentations referenced in paragraphs 19-30 above, they made the misrepresentations with knowledge of their falsity or with conscious indifference to their truth with the intention of causing other Masons and Sir Knights to rely on them. The Grand Encampment and the Grand Commandery were damaged by the intentional misrepresentations.

38.     The Grand Encampment and the Grand Commandery are entitled to compensation in the form of monetary damages, plus attorneys' fees and costs, for its damages suffered as a result of Defendants' intentional misrepresentations.

## Count III
## Negligent Misrepresentation

39.     The Grand Encampment and the Grand Commandery reassert all of the facts alleged in paragraphs 1-38 above.

40.     Defendants made the misrepresentations referenced in paragraphs 19-30 above negligently. The Grand Encampment and the Grand Commandery were damaged by the negligent misrepresentations.

13

41. The Grand Encampment and the Grand Commandery are entitled to compensation in the form of monetary damages, plus attorneys' fees and costs, for its damages suffered as a result of Defendants' negligent misrepresentations.

### Count IV
### Civil Conspiracy

42. The Grand Encampment and the Grand Commandery reassert all of the facts alleged in paragraphs 1-41 above.

43. When Defendants made the misrepresentations and engaged in the conduct referenced in paragraphs 19-30 above, they engaged in a civil conspiracy; that is, they were two or more persons who agreed to, and achieved, an unlawful object and committed one or more overt acts. The Grand Encampment and the Grand Commandery were damaged as a proximate result of the civil conspiracy.

44. The Grand Encampment and the Grand Commandery are entitled to damages resulting from Defendants' civil conspiracy, including interest and all costs and attorneys' fees as have been incurred by the necessity of this action.

### JURY TRIAL DEMAND

45. The Grand Encampment and the Grand Commandery assert their rights to a jury trial on their causes of action.

WHEREFORE, the Grand Encampment of Knights Templar of the United States of America and the Grand Commandery of Knights Templar of New Hampshire respectfully request that the Honorable Court:

A. Award monetary damages, including attorneys' fees and costs, to the Grand Encampment of Knights Templar of the United States of America and the Grand Commandery of Knights Templar of New Hampshire in an amount determined by a jury; and

14

B.    Grant such additional relief as justice requires.

Respectfully submitted,

GRAND ENCAMPMENT OF
KNIGHTS TEMPLAR OF THE UNITED STATES
OF AMERICA; and GRAND COMMANDERY
OF KNIGHTS TEMPLAR OF NEW HAMPSHIRE

By their attorneys,

Dated:  September 30, 2011          By: _____

Michael D. Ramsdell (Bar No. 2096)
Orr & Reno, P.A.
One Eagle Square, P.O. Box 3550
Concord, NH  03102-3550
(603) 223-9185
mramsdell@orr-reno.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to Attorneys Jamie N. Hage and Kathleen A. Davidson.

_____
Michael D. Ramsdell

809640_1.DOC

15

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

6CSC=OCT 5ᵖ11AM 9#41

| | | |
|---|---|---|
| Grand Encampment of Knights Templar of the United States of America, c/o Lawrence E.Tucker, Grand Commandery of Knights Templar of New Hampshire c/o S.K. Dennis A. Sheridan<br><br>PLAINTIFFS<br><br>v.<br><br>Conference of Grand Masters of Masons in North America, Inc., G. Santy Lascano David P. Owen, Ed Bousquet, Glenn E. Almy, Ronald G. Andress, Richard L. Swaney, William R. Miller<br><br>DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

## NOTICE TO GRAFTON COUNTY SUPERIOR COURT
## OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that this case pending in your Court as Docket Number 215-2011-CV-00338 has been removed to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1446 by all of the defendants. A copy of the Notice of Removal filed with the United States District Court for the District of New Hampshire, is attached hereto as Exhibit 1.

The defendants respectfully request that the Grafton County Superior Court provide a certified copy of its docket and all papers filed in that Court so that same may be filed in the United States District Court for the District of New Hampshire pursuant to Fed.R.Civ.P. 81

Respectfully Submitted,
The Defendants,
G. Santy Lascano, David P. Owen,
and William R. Miller,
By their attorney,


__/s/  Mark A. Darling_____
Mark A. Darling, Esquire
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500
N.H. Bar #: 4803


## CERTIFICATE OF SERVICE

I, Mark A. Darling, hereby certify that on October 3, 2011 a true copy of the above document was served by first class mail to:

Michael D. Ramsdell, Esquire
Orr & Reno, P.A.
One Eagle Square
P.O. Box 3550
Concord, NH 03302-3550

Thomas Pappas, Esquire
Jennifer T. Beaudet, Esquire
Wiggin & Nourie, P.A.
670 North Commercial Street, Suite 305
P.O. Box 808
Manchester, NH 03105-0808

Jamie N. Hage, Esquire
Kathleen Davidson, Esquire
Hage Hodes, PA
1855 Elm Street
Manchester, New Hampshire 03104


__/s/  Mark A. Darling_____
Mark A. Darling

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Grand Encampment of Knights Templar )<br>of the United States of America, c/o )<br>Lawrence E.Tucker, Grand Commandery )<br>of Knights Templar of New Hampshire c/o )<br>S.K. Dennis A. Sheridan )<br><br>PLAINTIFFS )<br>)<br>v. )<br>)<br>Conference of Grand Masters of Masons in )<br>North America, Inc., G. Santy Lascano )<br>David P. Owen, Ed Bousquet, )<br>Glenn E. Almy, Ronald G. Andress, )<br>Richard L. Swaney, William R. Miller )<br>)<br>DEFENDANTS )<br>) | Civil Action No. _____ |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE:

All Defendants, pursuant to 28 U.S.C. §§ 1441, 1446 and 1331, 1332(a) (1), hereby

remove the action brought against them by Grand Encampment of Knights Templar of the

United States of America, Lawrence E. Tucker, Grand Commandery of Knights Templar of New

Hampshire and Dennis A. Sheridan in Grafton County Superior Court, and in support state as

follows:

1.      Per the Writ of Summons filed in Grafton County Superior Court (No. 215-2011-

CV-00338 (the "State Court Action"), the Plaintiffs are two voluntary associations, one

apparently headquartered in Bellaire, Texas and the other with at least one member residing in Grafton County, New Hampshire.

2.      The removal defendants are citizens of the States of Washington, Missouri, Oregon, Oklahoma, Alabama and Illinois and all have ties to their own state Mason organizations. None of the defendants in the State Court Action is a citizen of Texas or New Hampshire. The removal defendants were served by registered mail less than 30 days prior to the filing of this Notice. See Copy of Service letter from opposing counsel dated **September 8, 2011** along with the Writ of Summons and other documents attached hereto as Exhibits A.

3.      Plaintiffs have alleged against the Defendants, inter alia, liability pursuant to various claims under state tort law for actual damages and attorney's fees. Based upon these allegations, and information and belief, the Defendants state that the matter in controversy exceeds $75,000, exclusive of interest and costs.

4.      The United States District Court for the District of New Hampshire has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). In addition, the claims as alleged confer jurisdiction under 28 U.S.C. § 1331 as well, since this action presents significant First and Fourteenth Amendment rights of the defendants concerning freedom of association and due process.

5.      This notice of removal is timely and filed pursuant to 28 U.S.C. § 1446(a) and (b).

6.      Certified copies of all process, pleadings and orders served on Defendant in the state court action will be forthcoming from the state court per Local Rule 81.1.

**WHEREFORE,** Defendants removes this case to this Court and requests that this Court assume jurisdiction of the case and take all further action as may be required to determine this controversy.

-2-

Respectfully Submitted,
The Defendants,
G. Santy Lascano, David P. Owen,
and William R. Miller,
By their attorney,


/s/ Mark A. Darling                                               Dated: October 3, 2011
Mark A. Darling, Esquire - N.H. Bar #: 4803
Litchfield Cavo LLP
Six Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500


Respectfully Submitted,
The Defendant,
Glenn E. Almy,
By his attorney,



/s/ Jamie N. Hage
Jamie N. Hage, Esquire
Kathleen Davidson, Esquire
Hage Hodes, PA
1855 Elm Street
Manchester, New Hampshire 03104


Respectfully Submitted,
The Defendants,
Conference of Grand Masters of Masons in
North America, Inc., Ed Bousquet, Ronald G. Andress,
And Richard L. Swaney
By their attorney,


/s/ Jennifer T. Beaudet
Thomas Pappas, Esquire- NH Bar # 4111
Jennifer T. Beaudet, Esquire - NH Bar # 17174
Wiggin & Nourie, P.A.
670 North Commercial Street, Suite 305
P.O. Box 808
Manchester, NH 03105-0808

CERTIFICATE OF SERVICE

I, Mark A. Darling, hereby certify that on October 3, 2011 a true copy of the above document was served by first class mail to:

Michael D. Ramsdell, Esquire
Orr & Reno, P.A.
One Eagle Square
P.O. Box 3550
Concord, NH 03302-3550

Thomas Pappas, Esquire
Jennifer T. Beaudet, Esquire
Wiggin & Nourie, P.A.
670 North Commercial Street, Suite 305
P.O. Box 808
Manchester, NH 03105-0808

Jamie N. Hage
Kathleen Davidson
Hage Hodes, PA
1855 Elm Street
Manchester, New Hampshire 03104

/s/ Mark A. Darling
Mark A. Darling

- 4 -

Michael D. Ramsdell
mramsdell@orr-reno.com
Direct Dial 603.223.9185
Direct Fax 603.223.9085

# Orr&Reno
*Professional Association*

One Eagle Square; P.O. Box 3550
Concord, NH 03302-3550
Telephone 603.224.2381
Facsimile 603.224.2318
www.orr-reno.com

September 8, 2011

## VIA CERTIFIED MAIL –
## RETURN RECEIPT REQUESTED

David P. Owen
1941 Summit Lake Shore Road Northwest
Olympia, WA 98502

> *Re:* *Grand Encampment of Knights Templar of the United States of America, et al.*
> *v. Conference of Grand Masters of Masons in North America, Inc., et al.*
> *Docket No. 215-2011-CV-00338*

Dear Mr. Owen:

Enclosed please find a copy of a Writ of Summons with attached Declaration, Receipt of Writ issued by the Grafton County Superior Court, and a copy of the Certificate issued by the State of New Hampshire Department of State, certifying that the Writ was served upon the New Hampshire Secretary of State's Office pursuant to New Hampshire RSA 510:4. Pursuant to RSA 510:4, we have forwarded these materials to you via Certified Mail-Return Receipt Requested to complete service.

Thank you for your cooperation in this matter.

Sincerely yours,

Michael D. Ramsdell

MDR/mem
Enclosures
cc:     Thomas X. Tsirimokos, Esq.
799229_1.DOC

# State of New Hampshire
## Department of State

I, William M. Gardner, Secretary of State of the State of New Hampshire, do hereby

certify that on August 26, 2011 the following WRIT was served on me, Grand

Encampment of Knights Templar of The United States of America and Grand

Commandery of Knights Templar of New Hampshire v. David P. Owen.  A copy of said

WRIT OF SUMMONS is now in the custody of the Secretary of State.

IN TESTIMONY WHEREOF, I hereto
set my hand and cause to be affixed
the Seal of the State of New Hampshire,
this 29th day of August A.D. 2011

William M. Gardner
Secretary of State

Form W-2

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Grafton Superior Court
3785 D.C. Highway
North Haverhill NH 03774

Telephone: (603) 787-6961
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## RECEIPT OF WRIT

Case Name:  Grand Encampment of Knights Templar of the United States of America, et al
v Conference of Grand Masters of Masons in North America. Inc.. et al
Case Number:  215-2011-CV-00338

The writ in the above-captioned matter was filed with the Clerk of this Court on:  August 05, 2011 at 9:16 a.m.

Grand Commandery of Knights Templar of New Hampshire; Grand Encampment of Knights Templar of the United States of America or his/her attorney is to attach a copy of this Receipt to identical copies of the original writ and deliver them to the Sheriff or other legally authorized entity for service on Conference of Grand Masters of Masons in North America, Inc.; G Santy Lascano; David P Owen; Ed Bousquet; Glenn E Almy; Ronald G Andress; Richard L Swaney. Sufficient copies shall be provided to allow for a service copy for each named defendant and a copy for each officer completing service to complete the return. The return copies shall be filed with the Court in accordance with Superior Court Rule 3.

BY ORDER OF THE COURT

August 23, 2011

David P. Carlson
Clerk of Court

(468)



RECEIVED
AUG 2 5 2011
ORR & RENO
DOCKET CONTROL

# The State of New Hampshire

## SUPERIOR COURT

GRAFTON COUNTY

( ) COURT

(xx) JURY

WRIT OF SUMMONS

Grand Encampment of Knights Templar
of the United States of America
c/o S.K. Lawrence E. Tucker
5909 West Loop South, Suite 495
Bellaire, Texas  77401-2402

and

Grand Commandery of Knights Templar
of New Hampshire
c/o S.K. Dennis A. Sheridan
P.O. Box 621
Littleton, NH  03561-0621

v.

Conference of Grand Masters of
Masons in North America, Inc.
c/o Secretary/Treasurer Glenn Means
2019 Northeast Avanti Court
Blue Springs, MO  64029-9368

G. Santy Lascano
123 Alder Street
Everett, WA  98203

David P. Owen
1941 Summitt Lake Shore
Road Northwest
Olympia, WA  98502

Ed Bousquet
62649 Erickson Road
Bend, OR  97701-9704

Glenn E. Almy
102 South Broad St.
P.O. Box 1019
Guthrie, OK  74044

Ronald G. Andress
2509 Lakewood Circle
Tuscaloosa, AL  35405

Richard L. Swaney
P.O. Box 5
Vienna, IL  62995

William R. Miller, 30725 21st Street Avenue, Southwest, Federal Way, Washington  98023
The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the
Superior Court at the address listed below by the return day of this writ which is the first Tuesday of October ,
2011 .

MONTH

YEAR

The PLAINTIFF(S) state(s):          See attached Declaration.

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.

August 3, 2011
DATE OF WRIT

INDORSER (sign and print name)
Michael D. Ramsdell, Esq. counsel for
Grand Encampment of Knights Templar of the United States of America and Grand Commandery of
Knights Templar of New Hampshire    NOTICE TO THE DEFENDANT

The Plaintiff listed above has begun legal action against you. You do not have to physically appear in Court on the return day listed above since there will be no hearing
on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by that date. (Appearance forms
may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return
day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, Tina L. Nadeau, Chief Justice, Superior Court

David P. Carlson, Clerk
NH Superior Court Grafton County
3785 Dartmouth College Hwy.
North Haverhill NH 03774
(603) 787-6961

SIGNATURE OF PLAINTIFF/ATTORNEY

Michael D. Ramsdell, Esq.  (NH Bar No. 2096)
PRINTED/TYPED NAME

Orr & Reno, P.A.
One Eagle Square, P.O. Box 3550
ADDRESS

Concord, NH  03302-3550        (603) 224-2381
                                PHONE

THE STATE OF NEW HAMPSHIRE

GRAFTON, SS.                                    SUPERIOR COURT

Grand Encampment of Knights Templar of the United States of America
c/o S. K. Lawrence E. Tucker
5909 West Loop South, Suite 495
Bellaire, Texas 77401-2402; and

Grand Commandery of Knights Templar of New Hampshire
c/o S.K. Dennis A. Sheridan
P.O. Box 621
Littleton, NH 03561-0621

v.

Conference of Grand Masters of Masons in North America, Inc.
c/o Secretary/Treasurer Glenn Means
2019 Northeast Avanti Court
Blue Springs, MO 64029-9368;

G. Santy Lascano
123 Alder Street
Everett, WA 98203;

David P. Owen
1941 Summit Lake Shore Road Northwest
Olympia, WA 98502;

Ed Bousquet
62649 Erickson Road
Bend, OR 97701-9704;

Glenn E. Almy
102 South Broad Street
P.O. Box 1019
Guthrie, OK 73044;

Ronald G. Andress
2509 Lakewood Circle
Tuscaloosa, AL 35405;

Richard L. Swaney
P.O. Box 5
Vienna, IL 62995; and

William R. Miller
30725 21ST Avenue, Southwest
Federal Way, Washington 98023

## DECLARATION

Plaintiffs the Grand Encampment of Knights Templar of the United States of

America and the Grand Commandery of Knights Templar of New Hampshire, by and

through their counsel, Orr & Reno, P.A., submit the following Declaration against

Defendants Conference of Grand Masters of Masons in North America, Inc., G. Santy

Lascano, David Owen, Ed Bosquet, Glenn E. Almy, Ronald G. Andress, Richard L.

Swaney and William R. Miller:

### Introduction

1.      This case involves Defendant Conference of Grand Masters of Masons in

North America, Inc. and several individuals, including the members of the Commission

on Information for Recognition and current or former officers of Grand Lodges of

Oregon, Washington, Oklahoma, Alabama, and Illinois, conspiring to interfere with the

Plaintiff Grand Encampment of Knights Templar of the United States of America's

contractual relationships with Grand Commanderies of Knights Templar and individual

Sir Knights through the use of defamatory misrepresentations.  Consequently, the Grand

Encampment of Knights Templar of the United States of America and the Grand

Commandery Knights Templar of New Hampshire assert claims of civil conspiracy,

interference with contractual relationships, defamation, and intentional and negligent

misrepresentation against the Defendant organization and individuals.

2

## Parties

2.  Plaintiff Grand Encampment of Knights Templar of the United States of America (the "Grand Encampment") is a voluntary association and fraternal organization that traces its roots to the 11th century. In February 1905, the United States Congress recognized the Grand Encampment and bestowed it with corporate status, including the right to hold and manage gifts and devises provided to it. The Grand Encampment's mailing address is c/o Sir Knight ("S.K.") Lawrence E. Tucker, 5909 West Loop South, Suite 495, Bellaire, Texas 77401-2402. The Grand Encampment has significant ties to New Hampshire, which are described in the succeeding paragraph.

3.  Plaintiff Grand Commandery of Knights Templar of New Hampshire (the "Grand Commandery") is a voluntary association and fraternal organization. It is deemed a corporation pursuant to RSA 292:12-14. The Grand Commandery's mailing address is c/o S.K. Dennis A. Sheridan, P.O. Box 621, Littleton, New Hampshire 03561-0621. S.K. Sheridan, the Grand Recorder of the Grand Commandery, is the designated New Hampshire representative of the Grand Encampment and the personal representative of Grand Encampment Grand Master S.K. William H. Koon, II. All past Grand Commanders of the Grand Commandery and the current Grand Commander and his three senior officers are members of the Grand Encampment. The Grand Commandery also boasts the Chairman of the Grand Encampment's Committee on Templar Jurisprudence, a Trustee of the Grand Encampment's Permanent Fund and a member of the Grand Encampment's Committee on Educational Foundation.

4.  Defendant Conference of Grand Masters of Masons in North America, Inc. ("Conference") is a voluntary association and fraternal organization. It is a

3

corporation of the State of Missouri. Its mailing address is c/o Secretary/Treasurer

Glenn Means, 2019 Northeast Avanti Court, Blue Springs, MO 64029-9368.

5.       Defendant G. Santy Lascano is the Past Grand Master of the Grand Lodge

of Free and Accepted Masons of Washington ("GLWA"), a voluntary association and

fraternal organization. His mailing address is 123 Alder Street, Everett, WA 98203.

5.       Defendant David Owen is the Grand Secretary of GLWA. His mailing

address is 1941 Summit Lake Shore Road, Northwest, Olympia, WA 98502.

6.       Defendant Ed Bousquet is the Past Grand Master of the Grand Lodge of

Free and Accepted Masons of Oregon ("GLOR"), a voluntary association and fraternal

organization. His mailing address is 62649 Erickson Road, Bend, OR 97701-9704.

7.       Defendant Glenn E. Almy is the Grand Master of the Grand Lodge of

Ancient Free and Accepted Masons of Oklahoma ("GLOK"), a voluntary association and

fraternal organization. His mailing address is 102 South Broad Street, P.O. Box 1019,

Guthrie, OK 73044.

8.       Defendant Ronald G. Andress is the Grand Master of the Grand Lodge of

Free and Accepted Masons of Alabama ("GLAL"), a voluntary association and fraternal

organization. His mailing address is 2509 Lakewood Circle, Tuscaloosa, AL 35405

9.       Defendant Richard L. Swaney is the Grand Master of the Grand Lodge of

Ancient Free and Accepted Masons of Illinois, a voluntary association and fraternal

organization. His mailing address is P.O. Box 5, Vienna, Il 62995.

10.       Defendant William R. Miller is the Sovereign Grand Inspector General for

the State of Washington of the Ancient Accepted Scottish Rite, Southern Jurisdiction

4

("AASRSJ"), and Grand Minister of State of the AASRSJ. His mailing address is 30725 21ST Avenue, Southwest, Federal Way, WA 98023.

Jurisdiction and Venue

11.     This Court has jurisdiction over the subject matter of this proceeding pursuant to RSA 491:7. Venue is proper in Grafton County Superior Court because S.K. Sheridan resides in the jurisdiction, some of the Defendants' conduct occurred in Grafton County and the impact of Defendants' conduct reached into Grafton County.

Knights Templar, Grand Encampment and Grand Commandery

12.     The Knights Templar is a chivalric Masonic, Christian-oriented, voluntary and fraternal association based on an ancient organization that was founded in the 11th century. It operates on national, state and local levels, and annually raises millions of dollars for charitable purposes, including the support of Masonic-related youth groups. Its principal charities, The Knights Templar Eye Foundation, the Knights Templar Educational Foundation, and the Holy Land Pilgrimage Fund are 501(c)(3) entities and dependent upon contributions chiefly from members of the Order. The charities draw upon the officers of the Grand Encampment for their governance.

13.     The Grand Encampment is the national level of the Knights Templar. It promulgates the laws governing the state and local level organizations. The three highest ranking officers are the Grand Master, the Deputy Grand Master and the Grand Generalissimo. The state level is the Grand Commandery and local level organizations are known as Commanderies. The Grand Commandery was established in May 1826.

14.     Pursuant to the Constitution of the Grand Encampment, the Grand Encampment "has supreme legislative, judicial and executive power and jurisdiction over

5

the Orders of the Red Cross, Knights of Malta and Knights Templar within the United

States of America and geographical regions over which the United States exercises

jurisdiction." The Grand Master is bestowed with the "power and authority to do and

perform all such acts as he may deem for the interests of Templary and which are not

contrary to [Templar law]." The specific responsibilities vested in the Grand Master

include the following:

> (a)  To maintain a watchful supervision over all Commanderies,
> Grand, Constitutent and Subordinate; to see that all the
> Constitutional enactments, the Statutes, Edicts, Rules and
> Regulations of the Grand Encampment are duly and
> promptly obeyed . . .[;]
>
> (b)  To visit and preside over any Grand, Constituent or
> Subordinate Commandery[;] . . . [and]
>
> (c)  [T]o issue his proxy to any such member authorizing him to
> visit, inspect and preside over any Grand Commandery . . ..

The Grand Master is also President of the Knights Templar Eye Foundation, Inc.

15.  The Grand Commandery and Commanderies in each state are charged

with collecting certain charitable funds, including contributions to the Knights Templar

Educational Foundation, the Holy Land Pilgrimage Fund and the Knights Templar Eye

Foundation, Inc. Separately, each Commandery collects dues from its individual Sir

Knights and a portion of the funds are forwarded to the Grand Encampment to support its

operations.

## GRAND PRIORY OF SCOTTISH REFORMED AND RECTIFIED RITE

16.  The Rectified Scottish Rite (the "RER")[1] is the world's oldest

continuously extant chivalric Masonic Order. The RER's governing bodies are called

Great Priories. On January 22, 2011, in Marseilles, France, a patent was granted to the

---

[1] In the original French, *Rite Ecossais Rectifié*

6

Grand Encampment establishing the Eleventh Province of the RER. The Grand

Encampment's Grand Master was installed as the Master of the Grand Priory of the RER

of the United States of America. By these acts, the Great Priory of Occitania conferred

upon the Grand Encampment the right to practice, and to bestow, the 4th through 6th

Degrees of the Rectified Scottish Right.[2] The attendees at the ceremony included

members of the following organizations: National Grand Lodge of France, American

Canadian Grand Lodge, United Grand Lodge of England, and the Grand Lodges of

Illinois, Indiana, New York, Ohio, Tennessee and Texas, all of them widely

acknowledged as regular[3] and recognized.

## THE DEFAMATORY AND CONSPIRATORIAL CONDUCT

17.     In February 2011, Defendant Conference's Commission on Information

for Recognition ("Commission") declared that:

> the Great Priory of Occitania is an irregular body. It was self-created in 1995 by
> former members of the Great Priory of Gauls, which was declared irregular by the
> Grande Loge Nationale Francaise ["GLNF"], and its members expelled.[4]

The Commission went on to state that:

> [t]his Commission does not normally concern itself with the affairs of appendant
> bodies; however, it is concerned about the negative impact on the established
> system of regularity in North American Freemasonry that may be caused by
> members of our Grand Lodges setting a precedent by becoming affiliated with
> organizations that receive their charter from an irregular source.

18.     The falsity of this statement was acknowledged by no less an authority

than Sir Knight and Brother Jean-Claude Tardivat, who served as the Deputy Grand

Master of the GLNF until January of this year. S.K. Tardivat confirmed that no members

---

[2] The 4th through 6th degrees are an esoteric and spiritual form of Templary. The Constitution of the Grand
Encampment provides that the degrees can be conferred only through the Grand Encampment.
[3] In this context, "regular" means proper and established by the then-lawfully empowered body.
[4] In this context, "irregular" means falsely or not established by the then-lawfully empowered body.

of Great Priory of Occitania had been expelled from the GLNF; rather, some members of

the Grand Priory had voluntarily relinquished their membership in that body. Moreover,

the Commission's limited purpose had been stated by the committee appointed in 1951,

by Most Worshipful Brother Reginald E. Goldsmith, Grand Master of the Grand Lodge

of New Hampshire, then Chairman of the Conference as follows:[5]

> Purpose: It shall be the duty of the Commission to assemble and collate
> information on Grand Lodges as a service to the Member Grand Lodges of this
> Conference.

To render an opinion concerning an entity other than a Masonic Grand Lodge is beyond

the Commission's purview.[6]

19.    Before the issuance of the Commission's report, Defendant Miller

published a "Fact Sheet About the Three Masonic Templar Bodies" in which he declared:

> [t]he problem that arises is that the Grand Encampment has made it known
> that it intends to create "lodges" in every jurisdiction where it has Grand
> Commanderies. To confer the C.B.C.S. degrees. Masonic degrees being
> conferred in every State, under a charter issued by an irregular Masonic
> body!

The allegation is entirely unfounded because the Grand Encampment did not receive

patents from an irregular source and because it has neither formed nor expressed an

intention to form "lodges" within the various States.

20.    Defendant Miller distributed this and similar documents at multiple

functions, including Masonic Week in Alexandria, Virginia, in February, 2011, whose

participants included several New Hampshire Masons and Sir Knights. On or about

March 26, 2011, Defendant Miller presented the documents to Defendant Lascano and

the Officers of the Grand Commandery of Washington. On information and belief,

---

[5] Brother Goldsmith was appointed one of the original members of the Commission the following year.
[6] In fact, at least one Grand Lodge has since forwarded a letter to the Commission rebuking it for exceeding
the scope of its authority and recommending that the members of the Commission be replaced.

Defendant Miller made a similar presentation to Defendant Bosquet. On information and belief, Defendant Miller's purpose in distributing the documents and making the presentations was to motivate and encourage others to disseminate his claims throughout the Grand Lodges and Grand Commanderies of all fifty states, including New Hampshire.

21.     On April 5, 2011, Defendant Lascano issued an edict in which he accused the Grand Encampment of "being associated with an irregular Masonic body in France" and therefore, being "equally irregular." The accusations are false because the Great Priory of Occitania is a regular Masonic body. Importantly, the accusations are devastating because Free and Accepted Masons and Sir Knights are prohibited from interacting with irregular bodies and individuals. In fact, Defendant Lascano's edict concludes as follows:

> I therefore direct all Master Masons in the Jurisdiction of Grand Lodge of Washington, Free and Accepted Masons to refrain from any interaction with the Grand Encampment Knights Templar of the USA until this situation is resolved. Any known actions reference this matter by the brethren of this jurisdiction shall be reported to this office immediately. Masonic disciplinary actions will be imposed on any violators of this edict and will be subject to suspension or expulsion from this jurisdiction.

22.     On April 25, 2011, Defendant Bousquet issued an edict that surpassed Defendant Lascano's edict. Defendant Bousquet's edict states as follows:

> I am declaring the Grand Priory of the Reformed and Rectified Rite of the United States of America irregular and clandestine body in Oregon. Therefore, until the situation is resolved, an Oregon Mason who holds membership in any Masonic Body within, and/or governed by the Jurisdiction of the [GLOR] is hereby directed to refrain from any interaction with the Grand Priory of the Reformed and Rectified Rite of the United States of America or any member or members of this organization. This means no Oregon Mason may communicate on Masonic subjects formally or informally by the imparting or interchange of thoughts, opinions or information of speech, writing or signs. Any violation of this edict will result in disciplinary action that may result in suspension or expulsion from the Fraternity.

9

23.     By letter dated April 20, 2011, Defendant Almy sent a letter to Defendant

Bosquet lauding his "decisive leadership" on the issue. The letter states that members of

the Grand Encampment will be barred from "the upcoming Spring meeting of the Grand

Commandery of Oklahoma." The letter also includes the following directives and

restrictions:

> I am directing Sir Knight Dwayne Dixon, Right Eminent Grand Commander [of
> the Grand Commandery Knights Templar of Oklahoma], to not permit any
> representatives of the Grand Encampment of Knights Templar, or any other Sir
> Knight, who belongs to this irregular body, to attend the upcoming Spring
> meeting of the Grand Commandery of Oklahoma. I will not permit someone who
> has violated the obligation of a Master Mason to sit in a tiled meeting in
> Oklahoma.

Thus, the letter falsely accuses every member of the Grand Priory of the RER of the

United States of America of having violated his Masonic obligations, and is especially

devastating because it invites scorn and detestation from other Masons.

24.     Defendant Almy's letter also states that the GLOK "endorses, supports,

and offers whatever assistance is needed in your effort to conclude the matter in a

satisfactory manner." A copy of the letter was provided to the Grand Master of each

state, including New Hampshire.

25.     By email dated May 6, 2011, Defendant Owen contacted the Grand

Secretaries of the Grand Lodges of all fifty states, including New Hampshire. The email

states as follows:

> The GM of the [GLWA] has issued an edict declaring the Great Grand
> Priory of Occitania as irregular, and the Grand Priory of the Reformed and
> Rectified Rite of the United States of America, which was formed out of
> the Great Priory of Occitania, is also irregular. The situation has
> consumed way too much of my time but it is necessary. I am wondering
> how many other Grand Lodges have taken some form of action against the

10

Grand Priory of the Reformed and Rectified Rite of the United States of America, or are planning to take action.

This is truly a National Masonic problem.

26.     By letter dated May 29, 2011, Defendant Andress falsely claimed that:

several Alabama Masons have been contacted and offered membership in the subject irregular body.

... it is therefore my decision and ruling that the "Grand Priory of the Reformed and Rectified Rite of the United States" is irregular by Masonic recognition standards and that no member of this Alabama Grand Jurisdiction shall have any interaction with this irregular body.

27.     By letter dated July 8, 2011, Defendant Swaney declared the Grand

Priory of the RER of the United States of America "irregular" and decreed that no Illinois

Mason "shall have any interaction with nor become a member of this irregular body."

Defendant Swaney went on to direct that the letter be made a part of the permanent

record of each Masonic Lodge in Illinois.

28.     Upon information and belief, the purpose of the above-described conduct

of Defendants Conference, Miller, Lascano, Bousquet, Almy, Owen and Swaney was to

motivate and encourage others to disseminate Defendant Miller's claims throughout the

Grand Lodges and Grand Commanderies of all fifty states, including New Hampshire.

## CAUSES OF ACTION

### Count I
### Intentional Interference with Contractual Relations

29.     The Grand Encampment and the Grand Commandery reassert all of the

facts alleged in paragraphs 1-28 above.

30.     The elements of intentional interferance with contractual relations are:

(a) there must be a contractual relationship between the plaintiff and a third party; (b) the

11

defendant must be aware of the contractual relationship; (c) the defendant must intetntionally and unlawfully interfere with the relationship; and (d) the plaintiff must be damaged by the interferance. *Singer Asset Finance Co., LLC v. Wyner*, 156 N.H. 468, 478 (2007).

31.    When the Defendants falsely accused the Grand Encampment of being irregular they intentionally interfered with the Grand Encampment's and the Grand Commandery's contractual relationships with their Sir Knights. Specifically, the false accusations impaired each organization's likelihood and ability to collect dues from its Sir Knights, and rendered it impossible for the Grand Encampment to oversee funds collected for the charitable purposes described in paragraph 16 above.

32.    The Grand Encampment and the Grand Commandery are entitled to compensation in the form of monetary damages, plus attorneys' fees and costs, for the damages suffered as a result of Defendants' intentional interference with contractual relations.

## Count II
## Intentional Misrepresentation

33.    The Grand Encampment and the Grand Commandery reassert all of the facts alleged in paragraphs 1-32 above.

34.    When Defendants made the misrepresentations referenced in paragraphs 17-28 above, they made the misrepresentations with knowledge of their falsity or with conscious indifference to their truth with the intention of causing other Masons and Sir Knights to rely on them. The Grand Encampment and the Grand Commandery were damaged by the intentional misrepresentations.

12

35. The Grand Encampment and the Grand Commandery are entitled to compensation in the form of monetary damages, plus attorneys' fees and costs, for the damages suffered as a result of Defendants' intentional misrepresentations.

### Count III
### Negligent Misrepresentation

36. The Grand Encampment and the Grand Commandery reassert all of the facts alleged in paragraphs 1-35 above.

37. Defendants made the misrepresentations referenced in paragraphs 17-27 above negligently. The Grand Encampment and the Grand Commandery were damaged by the negligent misrepresentations.

38. The Grand Encampment and the Grand Commandery are entitled to compensation in the form of monetary damages, plus attorneys' fees and costs, for the damages suffered as a result of Defendants' negligent misrepresentations.

### Count IV
### Civil Conspiracy

39. The Grand Encampment and the Grand Commandery reassert all of the facts alleged in paragraphs 1-38 above.

40. When Defendants made the misrepresentations and engaged in the conduct referenced in paragraphs 17-28 above, they engaged in a civil conspiracy; that is, they were two or more persons who agreed to, and achieved, an unlawful object and committed one or more overt acts. The Grand Encampment and the Grand Commandery were damaged as a proximate result of the civil conspiracy.

13

41.    The Grand Encampment and the Grand Commandery are entitled to damages resulting from Defendants' civil conspiracy, including interest and all costs and attorneys' fees as have been incurred by the necessity of this action.

## JURY TRIAL DEMAND

42.    The Grand Encampment and the Grand Commandery assert their rights to a jury trial on their causes of action.

WHEREFORE, the Grand Encampment of Knights Templar of the United States of America and the Grand Commandery of Knights Templar of New Hampshire respectfully request that the Honorable Court:

A.    Award monetary damages, including attorneys' fees and costs, to the Grand Encampment of Knights Templar of the United States of America and the Grand Commandery of Knights Templar of New Hampshire in an amount determined by a jury; and .

B.    Grant such additional relief as justice requires.

Respectfully submitted,

GRAND ENCAMPMENT OF KNIGHTS
TEMPLAR OF THE UNITED STATES OF
AMERICA; and

GRAND COMMANDERY OF KNIGHTS
TEMPLAR OF NEW HAMPSHIRE

By their attorneys;

Dated: 8/3/11

By: Michael D. Ramsdell
Orr & Reno, P.A.
One Eagle Square, P.O. Box 3550
Concord, NH 03102-3550
(603) 625-1254
mramsdell@orr-reno.com

14

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Grand Encampment of Knights Templar )
of the United States of America, c/o )
Lawrence E.Tucker, Grand Commandery )
of Knights Templar of New Hampshire c/o )
S.K. Dennis A. Sheridan )
)
       PLAINTIFFS )
)
v. )     Civil Action No. _____
)
Conference of Grand Masters of Masons in )
North America, Inc., G. Santy Lascano )
David P. Owen, Ed Bousquet, )
Glenn E. Almy, Ronald G. Andress, )
Richard L. Swaney, William R. Miller )
)
      DEFENDANTS )

### NOTICE TO ADVERSARY PARTY OF REMOVAL BY DEFENDANTS

PLEASE TAKE NOTICE that this case, which was previously pending in the Grafton

Superior Court of the New Hampshire, has been removed to the United States District Court for

the District of New Hampshire by all defendants. A copy of the Notice of Removal filed with

the United States District Court for the District of New Hampshire, is attached hereto as Exhibit

1.

Respectfully Submitted,
The Defendants,
G. Santy Lascano, David P. Owen,
and William R. Miller,
By their attorney,


/s/ Mark A. Darling
Mark A. Darling, Esquire
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500
N.H. Bar #: 4803

## CERTIFICATE OF SERVICE

I, Mark A. Darling, hereby certify that on October 3, 2011 a true copy of the above document was served by first class mail to:

Michael D. Ramsdell, Esquire
Orr & Reno, P.A.
One Eagle Square
P.O. Box 3550
Concord, NH 03302-3550

Thomas Pappas, Esquire
Jennifer T. Beaudet, Esquire
Wiggin & Nourie, P.A.
670 North Commercial Street, Suite 305
P.O. Box 808
Manchester, NH 03105-0808

Jamie N. Hage, Esquire
Kathleen Davidson, Esquire
Hage Hodes, PA
1855 Elm Street
Manchester, New Hampshire 03104


/s/ Mark A. Darling
Mark A. Darling

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  TEXAS STATE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  WASHINGTON STATE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MICHAEL RAMSDELL
ORR RENO
1 EAGLE SQUARE  CONCORD NH 03302

Attorneys *(If Known)*
MARK A. DARLING
LITCHFIELD CAVO LLP
6 KIMBALL LANE, SUITE 200  LYNNFIELD, MA 01940

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Med. Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FIRST AMENDMENT  28 U.S.C. 3 1332
Brief description of cause:
FREEDOM OF ASSOCIATION

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  N/A

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE  N/A

DOCKET NUMBER  SEPARATE JURY DEMAND TO BE FILED

DATE  10/3/11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**  MARK A. DARLING

RECEIPT #  ___  AMOUNT  ___  APPLYING IFP  ___  JUDGE  ___  MAG. JUDGE  ___