UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Grand Encampment of Knights Templar of the United States of America, c/o Lawrence E.Tucker, Grand Commandery of Knights Templar of New Hampshire c/o S.K. Dennis A. Sheridan<br><br>PLAINTIFFS<br><br>v.<br><br>Conference of Grand Masters of Masons in North America, Inc., G. Santy Lascano David P. Owen, Ed Bousquet, Glenn E. Almy, Ronald G. Andress, Richard L. Swaney, William R. Miller<br><br>DEFENDANTS | Civil Action No. 1:11-cv-00463 |

**MEMORANDUM IN SUPPORT OF OBJECTION OF DEFENDANTS,
WILLIAM R. MILLER, G. SANTY LASCANO, DAVID P. OWEN AND ED BOUSQUET
TO PLAINTIFF'S MOTION TO CONDUCT JURISDICTIONAL DISCOVERY**

The defendants, G. Santy Lascano, David P. Owen, William R. Miller, and Ed Bousquet, by and through their counsel, Litchfield Cavo LLP, submit this memorandum of law in support of their objection to the Plaintiffs' Motion to Conduct Jurisdictional Discovery.

**I. Introduction**

This case arises out of a dispute among Masonic fraternal organizations over the "regularity" – i.e., compliance with Masonic law – of a newly established Masonic body known as the Grand Priory of the Reformed and Rectified Rite of the United States of America. Among the individual defendants against whom claims have been asserted by the plaintiffs (the Grand Encampment of Knights Templar of the United States of America and the Grand Commandery

1

of Knights Templar of New Hampshire) are three current and former officers of the Grand Lodge of Free and Accepted Masons of Washington (hereinafter "Washington Grand Lodge")—G. Santy Lascano, William R. Miller, and David P. Owen—and one former officer of the Grand Lodge of Ancient Free and Accepted Masons of Oregon (hereinafter "Oregon Grand Lodge")—Ed Bousquet. These four defendants are hereinafter collectively referred to as "the Pacific Northwest defendants."

On October 24, 2011, all of the defendants filed motions to dismiss the plaintiffs' Writ of Summons, citing lack of personal jurisdiction.[1] The plaintiffs have now filed a Consolidated Objection to Defendants' Motions to Dismiss, together with a Motion to Conduct Jurisdictional Discovery. As discussed below, the plaintiffs have failed to demonstrate a valid basis for the allowance of their request for leave to conduct jurisdictional discovery.

## II. <u>Factual Background</u>

The factual background pertinent to the motions before the Court is fully set forth in the Memoranda in Support of the Defendants' Motions to Dismiss, together with the affidavits of G. Santy Lascano, David P. Owen, William R. Miller and Ed Bousquet provided in support of those motions. The Pacific Northwest defendants respectfully refer the Court to those materials, and incorporate them by reference herein.

## III. <u>Argument</u>

The Court has broad discretion to determine whether a request for jurisdictional discovery should be granted. *United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 625 (1st

[1] One of the motions was filed on behalf of the three Washington State defendants – Mr. Miller, Mr. Lascano and Mr. Owen. Another was filed on behalf of Mr. Bousquet, along with two other co-defendants (the Conference of Grand Masters of Masons in North America, Inc. and Richard Swaney. Counsel for the Washington State defendants has now entered a notice of appearance for Mr. Bousquet, and therefore he joins those defendants in objecting to the plaintiff's motion to conduct jurisdictional discovery.

Cir. 2001); *Crocker v. Hilton Int'l Barados., Ltd.*, 976 F.2d 797, 801 (1st Cir. 1992); *Nordica USA Corp. v. Ole Sorensen*, 475 F.Supp.2d 128, 134 (D.N.H. 2007). In support of a request for leave to conduct a "modicum of jurisdictional discovery," the plaintiffs must first "make[] out a colorable case for the existence of *in personam* jurisdiction." *Sunview Condominium Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997). *See also, e.g., Negron-Torres v. Verizon Communications, Inc.*, 478 F.3d 19, 27 (1st Cir. 2007); *Platten v. HG Berm. Exempted Ltd.*, 437 F.3d 118, 139 (1st Cir. 2006). In addition, the plaintiffs have an "obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted." *U.S. v. Swiss American Bank, supra*, 274 F.3d at 626, citing *Barrett v. Lombardi*, 239 F.3d 23, 26 (1st Cir. 2001). In fulfillment of this obligation, the plaintiffs must "specify the type of evidence they think they will find," *D'Jamoos v. Atlas Aircraft Center, Inc.*, 2008 WL 5083798, at *1 (D.N.H. 2008), and provide the court with a "detailed description of the 'additional pertinent avenues of inquiry' that [they] hope[] to pursue." *U.S. v. Swiss American Bank, supra,* 273 F.3d at 626, quoting *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1086 (1st Cir. 1973).

Here, the plaintiffs have failed to make out a "colorable case" for the existence of jurisdiction over the four individual defendants from Washington State and Oregon – G. Santy Lascano, David P. Owen, William R. Miller and Ed Bousquet. Aside from several pages of irrelevant discussion of the organizational structure and charitable works of the Knights Templar, the "jurisdictional facts" set forth in the plaintiffs' motion are essentially a mere recitation of the facts alleged in the Complaint. As more fully discussed in the memoranda in support of their motions to dismiss, those allegations are insufficient to warrant the exercise of personal jurisdiction over Mr. Lascano, Mr. Owen, Mr. Miller and Mr. Bousquet.

The plaintiffs attempt to gloss over the deficiencies in their jurisdictional arguments by lumping together *all* of the allegations against *all* of the defendants, in the apparent hope that the cumulative effect of their alleged contacts with the forum state will be deemed sufficient to warrant the exercise of jurisdiction over each of them individually. Having chosen to assert claims against individual defendants, however, the plaintiffs must establish a colorable case for jurisdiction over each of them individually, based upon their own contacts and not those of the organization to which they belong and/or the actions of their fellow Masons.

Focusing solely upon the Pacific Northwest defendants, the plaintiffs' motion alleges that only two of those defendants – Mr. Owen and Mr. Bousquet – engaged in any "direct forum activity." The only "direct forum activity" attributed to Mr. Owen is the issuance of a single email forwarded to the Grand Secretaries in other states, including New Hampshire, notifying them that the Grand Master of the Washington Grand Lodge had issued an edict declaring the Grand Priory of the Reformed and Rectified Rite of the United States of America to be "irregular" and inquiring whether other states had taken similar actions or intended to do so. (*See* Affidavit of David P. Owen, ¶¶ 20-22, attached to the Memorandum in Support of Defendants' Motion to Dismiss as Exhibit C).

Mr. Bousquet's only purported "direct forum activity" was a handful of telephone discussions which he had with Thomas Tsirimokos. (*See* Declaration of Ed Bousquet, ¶¶ 16-25, in support of his Motion to Dismiss). Mr. Tsirimokos is a New Hampshire Sir Knight who is the Chairman of the Grand Encampment Committee on Templar Jurisprudence, and he and Mr. Bousquet, who was the Grand Master of the Oregon Grand Lodge, had discussions about the "regularity" or "irregularity" of the Great Priory of Occitania and/or the Grand Priory of the Reformed and Rectified Rite of the United States of America. (*Id.*, ¶¶ 17-24). After Mr.

4

Bousquet issued an edict declaring that members of the Oregon Grand Lodge were prohibited from sitting in meetings of Knights Templar organizations *in Oregon* pending the resolution of "confusion as to the status of the GPRUSA" (*see* Plaintiffs' Exhibit 3), he allegedly informed Mr. Tsirimokos that he could not attend the Grand Conclave of Oregon.  (*See* Plaintiff's Exhibit 1, ¶ 9).  Although Mr. Tsirimokos was in New Hampshire when the discussions with Mr. Bousquet took place, Mr. Bousquet was in Oregon, acting in his capacity as Grand Master of the Oregon Grand Lodge, and exercising control over Masonic activities in Oregon only.

The only Pacific Northwest defendant who is alleged to have engaged in "activity directed at individuals and organizations in New Hampshire" is Mr. Miller, who is accused of distributing a "'Fact Sheet' or similar documents" during Masonic Week in Alexandria, Virginia, an event which was also attended by several New Hampshire Masons.  The plaintiffs do not allege that Mr. Miller distributed any such "documents" to any New Hampshire residents attending the gathering.  Rather, the affidavit of Mr. Tsirimokos merely alleges that "Defendant Miller's publishing of the 'Fact Sheet' or similar documents was witnessed and reported to the Grand Encampment by Grand Encampment Mid-Atlantic Department Commander S.K. Paul S. Newhall."  (Plaintiff's Exhibit 1, ¶ 7).  This assertion constitutes inadmissible hearsay, and should not be considered on that basis.  Moreover, even if it were admissible, it is apparent that Mr. Newhall – as *Mid-Atlantic* Department Commander – is not a New Hampshire resident.  Indeed, it is not even clear from the affidavit the Mr. Newhall ever received or reviewed the alleged "documents" himself.  Such obfuscation does not even begin to approach the standards required for the plaintiff to satisfy this Court that jurisdictional discovery would be anything other than an exercise in prolonging the inevitable dismissal for lack of personal jurisdiction.  Rather than supply the Court with a specific direction, and supported statements of what

5

information the plaintiff intends to garner, the plaintiff has done no more here than regurgitate the claims in the original complaint and the affidavits already supplied by the defendants demonstrating that there is no colorable claim for personal jurisdiction.

With regard to the fourth Pacific Northwest defendant, Mr. Lascano, the plaintiffs do not even attempt to argue that he engaged in any "direct forum activity" and/or "activity directed at individuals and organizations in New Hampshire." Rather, as set forth in his affidavit in support of the defendants' motion to dismiss, Mr. Lascano (as Grand Master of the Washington Grand Lodge) issued an edict *in Washington* to members of the *Washington* Grand Lodge, and never made any attempt to distribute that document outside his own jurisdiction. (*See* Affidavit of G. Santy Lascano, ¶¶ 30, 35-36, attached to the Memorandum in Support of Defendants' Motion to Dismiss as Exhibit A).

As discussed at length in the memoranda in support of the defendants' motions to dismiss, the tenuous connections between the forum state and the alleged actions of the Pacific Northwest defendants are woefully inadequate to establish a "colorable case" for the exercise of personal jurisdiction over them. "Failure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request." *U.S. v. Swiss American Bank, supra,* 273 F.3d at 626, citing *Crocker v. Hilton Int'l Barbados., Ltd.*, 976 F.2d 797, 801 (1st Cir. 1992). As such, the plaintiffs' request for leave to conduct jurisdictional discovery should be denied.

Moreover, even if the plaintiffs *had* made out a colorable case for the exercise of jurisdiction against one or more of the individual Pacific Northwest defendants, they have utterly failed to fulfill their obligation to "specify the type of evidence they think they will find," *D'Jamoos, supra*, 2008 WL 5083798 at *1, nor have they provided a "detailed description of the

'additional pertinent avenues of inquiry' that [they] hope[] to pursue." *U.S. v. Swiss American Bank, supra,* 273 F.3d at 626, quoting *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1086 (1st Cir. 1973). Instead, they have merely tacked on a few lines at the end of their substantive arguments, asserting the vague hope that "with a modicum of discovery, perhaps limited to interrogatories and requests for production of documents, they will demonstrate that the individual and collective purpose of the above-described conduct … was to motivate and encourage others to disseminate the claim of 'irregularity' throughout the Grand Commanderies of all fifty states, including New Hampshire." (Memorandum in Support of Plaintiffs' Motion to Conduct Jurisdictional Discovery, p. 14). Where, as here, the plaintiff "presents no facts, no avenue of inquiry, and no argument about why jurisdiction would be found if discovery were permitted," but merely adds "a throw-away line at the end of an objection on the merits," the request for jurisdictional discovery should be denied. *RealTrust IRA Alternatives, LLC v. The Entrust Group*, 2011 WL 1033705, at *2 (D.N.H. 2011). *See also Nordica USA Corp. v. Ole Sorensen*, 475 F.Supp.2d 128, 139 (D.N.H. 2007) (denying request for jurisdictional discovery that "amounts to little more than a fishing expedition").

### IV. Conclusion

For the foregoing reasons, the defendants, G. Santy Lascano, David P. Owen, William R. Miller and Ed Bousquet, respectfully request that the Plaintiffs' Motion to Conduct Jurisdictional Discovery be DENIED, that their own Motions to Dismiss the Plaintiffs' Writ of Summons be ALLOWED, and that the plaintiffs' claims against them be DISMISSED.

                                      Respectfully Submitted,
                                      The Defendants,
                                      G. Santy Lascano, David P. Owen,
                                      William R. Miller and Ed Bousquet,
                                      By their attorney,


                                      <u>/s/ Mark A. Darling</u>
                                      Mark A. Darling, Esquire
                                      Litchfield Cavo LLP
                                      Six Kimball Lane, Suite 200
                                      Lynnfield, MA 01940
                                      (781) 309-1500
                                      N.H. Bar #: 4803


## CERTIFICATE OF SERVICE

     I hereby certify that on December 16, 2011, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electric Filing and paper copies will be sent to those indicated as non-registered participants.


                                      <u>/s/ Mark A. Darling</u>
                                      Mark A. Darling