```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Grand Encampment of Knights
Templar of the United States
of America, et al.

    v.                                                Civil No. 11-cv-463-JD

Conference of Grand Masters of
Masons in North America, Inc., et al.


O R D E R

The Grand Encampment of Knights Templar of the United States of America and the Grand Commandery of Knights Templar of New Hampshire brought suit in state court against the Conference of Grand Masters of Masons in North America, Inc. and seven individuals associated with the Conference of Grand Masters, alleging intentional interference with contractual relations, intentional misrepresentation, negligent misrepresentation, and civil conspiracy. The defendants removed the case to this court and move to dismiss for lack of personal jurisdiction. The plaintiffs filed objections to the motions to dismiss and also move for jurisdictional discovery. The Conference of Grand Masters and one individual defendant, Richard Swaney, object to the motion for discovery. The court addresses the motion for discovery in this order.

Standard of Review

"'[A] diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery'" in response to a motion to dismiss for lack of personal jurisdiction. Negron-Torres v. Verizon Comm'ns, Inc., 478 F.3d 19, 27 (1st Cir. 2007) (quoting United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 626 (1st Cir. 2001)). To be diligent, the plaintiff must request discovery in a timely manner. Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 140 (1st Cir. 2006). In addition to establishing diligence, the plaintiff must present a colorable claim of jurisdiction and provide "'facts to the court which show why jurisdiction would be found if discovery were permitted.'" Negron-Torres, 478 F.3d 27 (quoting Swiss Am. Bank, 274 F.3d at 626).

A. Diligence

The plaintiffs filed their motion for jurisdictional discovery at the same time with their objection to the motions to dismiss. The defendants do not challenge the plaintiffs' diligence. Therefore, the plaintiffs meet the diligence requirement.

B.  Discoverable Facts to Support Jurisdiction

Personal jurisdiction in a diversity action over non-resident defendants depends on satisfying the requirements of the forum state's long-arm statute and the due process requirements of the Fourteenth Amendment.  See Cossaboon v. Me. Med. Ctr.,600 F.3d 25, 29 n.1 (1st Cir. 2010); N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005).  New Hampshire's long-arm statutes exert personal jurisdiction to the extent allowed by due process.  Id.; Jet Wine & Spirits, Inc. v. Bacardi & Co., Ltd., 298 F.3d 1, 7 (1st Cir. 2002).  A court may exercise general or specific personal jurisdiction, which must satisfy the requirements of due process.  Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011).

The plaintiffs assert that specific personal jurisdiction exists over the defendants.  Specific jurisdiction requires the plaintiffs to show that their causes of action "arise from or relate to the defendant's contacts with the forum, . . . [that] the defendant purposefully availed itself of the protections of the forum's laws by means of those contacts, [and] that the defendant could reasonably foresee being haled into the forum's courts."  Id. at 554.  Therefore, to be entitled to jurisdictional discovery, the plaintiffs must show that they can make a colorable claim of specific personal jurisdiction and

specify what facts would be produced through jurisdictional discovery to support that claim. See Negron-Torres, 478 F.3d at 27.

The plaintiffs' claims arise out of communications by the defendants with other Masonic groups and members in which the defendants allegedly claimed that the Grand Encampment of Knights Templar and other groups related to the Grand Encampment were "irregular" organizations. The plaintiffs contend that the defendants issued reports, published documents, and sent letters and emails to Masonic groups and members, including the New Hampshire Grand Lodge. The plaintiffs also contend that a commission of the Conference of Grand Masters issued a report, sent to the New Hampshire Grand Lodge, that found the Great Priory of Occitania to be irregular. The report was also published at a conference that was attended by New Hampshire Grand Encampment members. Swaney, the Grand Master of the Grand Lodge of Ancient Free and Accepted Masons of Illinois, declared the Grand Encampment to be irregular and decreed that no Illinois Mason would have interaction with the Grand Encampment. The plaintiffs assert that the defendants' efforts to brand them as irregular has interfered with their ability to raise money for certain charitable causes.

The objecting defendants do not challenge the plaintiffs' colorable claim of personal jurisdiction.  Instead, the objecting defendants argue that the plaintiffs have not shown a need for jurisdictional discovery because they have not "identified the type of evidence or facts they seek to discover, and have not demonstrated why those facts would support personal jurisdiction over the Conference of Grand Masters or Richard Swaney."

In support of their motion, the plaintiffs state that through discovery they will obtain information to show that the defendants wanted "to motivate and encourage others to disseminate the claim of 'irregularity' through the Grand Commanderies of all fifty states, including New Hampshire."  The plaintiffs further state that "Defendants knew such a claim would result in the Grand Commanderies being prohibited from interacting with Plaintiffs, which would deprive them of the ability to receive charitable funds or administer the charities."  Therefore, the discovery the plaintiffs seek is aimed at the defendants' motive in communicating that the Grand Encampment and other organizations were irregular.

The objecting defendants appropriately point out that the plaintiffs' statement of discoverable facts lacks detail about the anticipated discovery.  The nexus with Swaney appears to be

particularly weak. The other defendants, however, do not object to the motion.

The plaintiffs will be permitted discovery on the issues pertinent to personal jurisdiction, which is limited to the defendants' contacts with New Hampshire that would satisfy the requirements for specific personal jurisdiction: relatedness, purposeful availment, and fairness.

## Conclusion

For the foregoing reasons, the plaintiffs' motion for jurisdictional discovery (document no. 23) is granted.

The plaintiffs are granted the opportunity to conduct discovery limited to issues pertinent to personal jurisdiction to be completed by **February 10, 2012**. The plaintiffs may file a supplemental objection to the defendants' motions to dismiss **on or before February 17, 2012.** Thereafter, the Local Rules of this district supply the requirements for any responses.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 20, 2011

cc: Jennifer Turco Beaudet, Esquire
    Mark A. Darling, Esquire
    Kathleen A. Davidson, Esquire
    Lawrence B. Gormley, Esquire
    Jamie N. Hage, Esquire
    Thomas J. Pappas, Esquire
    Michael D. Ramsdell, Esquire