UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Grand Encampment of Knights
Templar of the United States
of America, et al.

      v.                       Civil No. 11-cv-463-JD
                               Opinion No. 2012 DNH 001

Conference of Grand Masters of
Masons in North America, Inc., et al.

O R D E R

This order supercedes and replaces the order issued on December 20, 2011, which was withdrawn on December 22, 2011.

The Grand Encampment of Knights Templar of the United States of America and the Grand Commandery of Knights Templar of New Hampshire brought suit in state court against the Conference of Grand Masters of Masons in North America, Inc. and seven individuals associated with the Conference of Grand Masters, alleging intentional interference with contractual relations, intentional misrepresentation, negligent misrepresentation, and civil conspiracy.  The defendants removed the case to this court, and most of the defendants filed motions to dismiss for lack of personal jurisdiction.[1]  The plaintiffs objected to the motions

---

[1]After the case was removed, the plaintiffs' motion to amend to add Donald H. Yankey as a defendant was granted.

and also moved for jurisdictional discovery.  All but one of the moving defendants objected to jurisdictional discovery.[2]  The motion for jurisdictional discovery is addressed in this order.

<u>Standard of Review</u>

"'[A] diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery'" in response to a motion to dismiss for lack of personal jurisdiction.  <u>Negron-Torres v. Verizon Comm'ns, Inc.</u>, 478 F.3d 19, 27 (1st Cir. 2007) (quoting <u>United States v. Swiss Am. Bank, Ltd.</u>, 274 F.3d 610, 626 (1st Cir. 2001)).  To be diligent, the plaintiff must request discovery in a timely manner.  <u>Platten v. HG Bermuda Exempted Ltd.</u>, 437 F.3d 118, 140 (1st Cir. 2006).  In addition to establishing diligence, the plaintiff must present a colorable claim of jurisdiction and provide "'facts to the court which show why jurisdiction would be found if discovery were permitted.'"  <u>Negron-Torres</u>, 478 F.3d at 27 (quoting <u>Swiss Am. Bank</u>, 274 F.3d at 626).

---

[2]Ronald G. Andress, Grand Master of the Grand Lodge of Free and Accepted Masons of Alabama, filed a motion to dismiss for lack of personal jurisdiction but did not object to the plaintiffs' motion for jurisdictional discovery.

A.   <u>Diligence</u>

     The plaintiffs filed their motion for jurisdictional
discovery at the same time they filed their objection to the
motions to dismiss.  The defendants do not challenge the
plaintiffs' diligence.  Therefore, the plaintiffs meet the
diligence requirement.


B.   <u>Colorable Claim and Discoverable Facts for Jurisdiction</u>

     Personal jurisdiction in a diversity action over non-
resident defendants depends on satisfying the requirements of the
forum state's long-arm statute and the due process requirements
of the Fourteenth Amendment.  <u>See</u> <u>Cossaboon v. Me. Med. Ctr.</u>, 600
F.3d 25, 29 n.1 (1st Cir. 2010); <u>N. Laminate Sales, Inc. v.
Davis</u>, 403 F.3d 14, 24 (1st Cir. 2005).  New Hampshire's long-arm
statutes exert personal jurisdiction to the extent allowed by due
process.  <u>N. Laminate Sales</u>, 403 F.3d at 24; <u>Jet Wine & Spirits,
Inc. v. Bacardi & Co., Ltd.</u>, 298 F.3d 1, 7 (1st Cir. 2002).  A
court may exercise general or specific personal jurisdiction,
which must satisfy the requirements of due process.  <u>Carreras v.
PMG Collins, LLC</u>, 660 F.3d 549, 552 (1st Cir. 2011).

     The plaintiffs assert that specific personal jurisdiction
exists over the defendants.  Specific jurisdiction requires the
plaintiffs to show that their causes of action "arise from or

relate to the defendant's contacts with the forum, . . . [that] the defendant purposefully availed itself of the protections of the forum's laws by means of those contacts, [and] that the defendant could reasonably foresee being haled into the forum's courts." Id. at 554.  Therefore, to be entitled to jurisdictional discovery, the plaintiffs must show that they can make a colorable case of specific personal jurisdiction and specify what facts would be produced through jurisdictional discovery to support that claim.  See Negron-Torres, 478 F.3d at 27.

The plaintiffs' claims arise out of communications by the defendants with other Masonic groups and members.[3]  The plaintiffs allege that through their communications the defendants claimed that the Grand Encampment of Knights Templar and Masonic groups were "irregular" organizations.  The plaintiffs assert that the defendants' efforts to brand them as irregular has interfered with their ability to raise money for certain charitable causes.  In support of their motion for discovery, the plaintiffs state that:

---

[3]Apparently, a dispute arose about the propriety of a new Masonic organization, the Grand Priory of the Reformed and Rectified Rite of the United States of America and a related organization, the Great Priory of Occitania.

> a modicum of discovery is expected to demonstrate that:
> (a) Defendants' conduct was specifically designed to
> injure Plaintiffs in New Hampshire, as well as
> elsewhere; (b) Defendants possess the requisite minimum
> contacts with New Hampshire; (c) Plaintiffs' causes of
> action result from the contacts; and (d) the exercise
> of personal jurisdiction is reasonable.

Doc. no. 23 at 2.  The defendants' objections are considered

separately.


1.  <u>Conference of Grand Masters of Masons and Richard Swaney</u>

In the complaint, the plaintiffs allege that the Conference

is a fraternal organization incorporated in Missouri.  The

plaintiffs allege that Swaney is the Grand Master of the Grand

Lodge of Ancient Free and Accepted Masons of Illinois.  The

Conference and Swaney challenge the plaintiffs' motion for

discovery on the ground that the plaintiffs have not identified

what evidence or facts they believe they can discover that would

support personal jurisdiction as to them.

The plaintiffs summarize the activities of the defendants

that they contend support personal jurisdiction.  In general, the

plaintiffs state that the Grand Lodge of New Hampshire is a

member of the Conference and that the individual defendants,

except for G. Santy Lascano, are or were officers of

organizations that collected dues from their members which funded

the charities governed by the Grand Encampment.

With respect to the Conference, the plaintiffs state that in February of 2011 the Conference declared that the Great Priory of Occitania, a Masonic organization with which the Grand Encampment is associated, was irregular.  The Conference expressed concern about Grand Lodges associating with irregular organizations.  The plaintiffs assert that the New Hampshire Grand Lodge received the declaration of irregularity.  The plaintiffs further state that in July of 2011, Swaney declared that the Grand Encampment was irregular and decreed that no Illinois Masons could interact with or become a member of the Grand Encampment.  The plaintiffs contend that discovery will show "the individual and collective purpose of the above-described conduct of Defendants Conference, . . . and Swaney was to motivate and encourage others to disseminate the claim of 'irregularity' throughout the Grand Commanderies of all fifty states, including New Hampshire."  Doc. 23 at 14.

To support a request for jurisdictional discovery, a plaintiff must provide "a detailed description of the 'additional pertinent avenues of inquiry' that it hoped to pursue."  Swiss Am. Bank, 274 F.3d at 626 (quoting Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079, 1086 (1st Cir. 1973)); see also Negron-Torres, 478 F.3d at 27; Pettengill v. Curtis, 584 F. Supp. 2d 348, 361 (D. Mass. 2008).  The plaintiffs' statement that they

expect to discover that the defendants had a purpose to have
others disseminate the charge of irregularity does not address
the defendants individually or specify what discoverable facts
and evidence are likely to support that theory.  The plaintiffs
also do not explain how discovery about the defendants' purpose
would establish their minimum contacts with New Hampshire.  See
Swiss Am. Bank, 274 F.3d at 626-27 ("Failure to allege specific
contacts, relevant to establishing personal jurisdiction, in a
jurisdictional discovery request can be fatal to that request.");
see also Stars for Art and Prod. FZ, LLC v. Dandana, LLC, --- F.
Supp. 2d ---, 2011 WL 3678931, at *8 (D. Mass. Aug. 22, 2011)
(denying motion for jurisdictional discovery where plaintiff
"fail[ed] to explain or cite case law as to how these proposed
lines of inquiry would be directly relevant to its personal
jurisdiction argument").

The Conference and Swaney are correct that the plaintiffs do
not articulate what facts or evidence they expect to discover
that will support personal jurisdiction as to them.  Therefore,
the plaintiffs' motion for discovery from the Conference and
Swaney is not adequately supported.

2.  <u>William R. Miller, G. Santy Lascano, David P. Owen, and</u>
<u>Ed Bousquet</u>

Miller, Lascano, and Owen are current and former officers of
the Grand Lodge of Free and Accepted Masons of Washington.
Bousquet is a former officer of the Grand Lodge of Free and
Accepted Masons of Oregon.  They have filed a joint objection to
the plaintiffs' motion for jurisdictional discovery.

Miller, Lascano, Owen, and Bousquet challenge the
plaintiffs' motion on the grounds that the plaintiffs have not
made a colorable case for personal jurisdiction over them and
have failed to specify what evidence they expect to find through
discovery.  The plaintiffs state that Miller, Owen, and Bousquet
are current or former officers who collected dues that funded the
charities which the Grand Encampment governed.  They state that
Miller published a fact sheet in which he stated that the Grand
Encampment is irregular and that he distributed the sheet at a
meeting in Virginia attended by some New Hampshire Masons and Sir
Knights.  They state that in April of 2011, Lascano and Bousquet
issued edicts declaring the Grand Encampment to be irregular.
They state that Owen sent an email in May of 2011 to the Grand
Secretaries in all states, including New Hampshire, about the
irregularity of the Great Priory of Occitania and the Grand
Priory of the Rectified Rite.  They also state that Bousquet

8

talked by telephone with S.K. Tsirimokos, the Past Grand
Commander of the Grand Commadery and Chairman of the Grand
Encampment Committee on Templar Jurisprudence, while Tsirimokos
was in New Hampshire to notify Tsirimokos that he was barred from
attending a meeting in Oregon.

The plaintiffs do not address their particular causes of
action to show how the cited activities provide a colorable case
for specific personal jurisdiction.  Cf. FC Inv. Group LC v. IFX
Mkts., Ltd., 529 F.3d 1087, 1096 (D.C. Cir. 2008) (addressing
specific personal jurisdiction for purposes of a civil conspiracy
claim).  They argue in a perfunctory manner that the defendants'
listed actions caused injury to the plaintiffs in New Hampshire
which, they assert, would support personal jurisdiction.  The
plaintiffs provide no developed argument, however, to show that
the listed activities or events would satisfy each of the three
requirements for specific jurisdiction.  See Carreras, 660 F.3d
at 554-55.  Therefore, as Miller, Lascano, Owen, and Bousquet
contend, the plaintiffs did not provide a colorable case for
personal jurisdiction as to them.

In addition, as explained in response to the objection of
the Conference and Swaney, the plaintiffs did not specify what
facts or evidence they expect to discover to show personal
jurisdiction.

3.  <u>Glenn E. Almy</u>

Almy is the Grand Master of the Grand Lodge of Ancient and Free and Accepted Masons of Oklahoma.  He asserts that the plaintiffs have not specified the facts or evidence they expect to discover or made a colorable case of personal jurisdiction as to him.  As is discussed above, the plaintiffs' motion is deficient with respect to both of those requirements for jurisdictional discovery.  Almy also adds that even if the plaintiffs' theory were credited, the discovery sought, to show the purpose for the defendants' various activities, would not be enough to establish personal jurisdiction as to him.

The plaintiffs cite <u>Sawtelle v. Farrell</u>, 70 F.3d 1381, 1388-89 (1st Cir. 1995), to support their statement that Almy's letter sent to Bousquet in Oregon, which was later passed on to the Grand Master in New Hampshire, satisfies the relatedness, purposeful availment, and reasonableness requirements for personal jurisdiction.  The plaintiffs' theory is that Almy knew that declaring the Grand Encampment irregular would prohibit the Grand Commanderies from interacting with the plaintiffs which, in turn, would deprive the plaintiffs of their ability to administer their charities.  The plaintiffs provide no further explanation as to why Almy's action of sending a letter to Bousquet in Oregon

satisfies the requirements for personal jurisdiction in New
Hampshire.

In Sawtelle, the court explained that to meet the
relatedness requirement, "the action must directly arise out of
the specific contacts between the defendant and the forum state."
Id. at 1389.  Allegations that plaintiffs felt the effects in the
forum state of the defendants actions elsewhere are not enough to
satisfy the relatedness requirement.  Id. at 1390.

As Almy points out, he sent the letter from Oklahoma to
Oregon, and the letter pertained to activities in Oklahoma.  The
plaintiffs do not allege that Almy sent the letter to New
Hampshire.  Even if the plaintiffs could find evidence through
discovery that Almy intended to deprive the plaintiffs of their
ability to administer their charities, the plaintiffs' suggestion
that some harm might be felt in New Hampshire is insufficient to
support personal jurisdiction.  Therefore, the plaintiffs have
not shown a colorable case of personal jurisdiction with respect
to Almy.

C.   Jurisdictional Discovery

In their objections, the defendants have demonstrated the
deficiencies of the plaintiffs' motion for jurisdictional
discovery.  The plaintiffs failed to specify what facts or

11

evidence they expect to discover to support personal jurisdiction.  As to at least some of the defendants, the plaintiffs did not establish a colorable case of personal jurisdiction or show that discovery about the defendants' purpose in communicating about the irregularities of various organizations would establish personal jurisdiction over them.

Therefore, the court will exercise its discretion to deny jurisdictional discovery.

## Conclusion

For the foregoing reasons, the plaintiffs' motion for jurisdictional discovery (document no. 23) is denied.


SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 5, 2012

cc:  Jennifer Turco Beaudet, Esquire
     Mark A. Darling, Esquire
     Kathleen A. Davidson, Esquire
     Lawrence b. Gormley, Esquire
     Jamie N. Hage, Esquire
     Thomas J. Pappas, Esquire
     Michael D. Ramsdell, Esquire