UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

GRAND ENCAMPMENT OF KNIGHTS
TEMPLAR OF THE UNITED STATES OF
AMERICA, et al.,

      Plaintiffs,

    v.

CONFERENCE OF GRAND MASTERS OF
MASONS IN NORTH AMERICA, INC.,
et al.,

      Defendants.

Case No. 1:11-cv-00463-JD

**OBJECTION OF DEFENDANT
CONFERENCE OF GRAND MASTERS OF MASONS IN NORTH AMERICA, INC.
TO PLAINTIFFS' PARTIAL MOTION FOR RECONSIDERATION OF
<u>ORDER GRANTING MOTIONS TO DISMISS</u>**

Defendant Conference of Grand Masters of Masons in North America, Inc. (the "Conference of Grand Masters"), by and through its attorneys, Wiggin & Nourie, P.A., object as follows to Plaintiffs' Motion for Partial Reconsideration of Order Granting Motions to Dismiss ("Plaintiffs' Motion for Reconsideration").

**I.**    <u>**INTRODUCTION**</u>**.**

On January 18, 2012, this Court granted the defendants' motions to dismiss for lack of personal jurisdiction. Plaintiffs Grand Encampment of Knights Templar of the United States of America (the "Grand Encampment") and Grand Commandery of Knights Templar of New Hampshire (the "New Hampshire Grand Commandery") have moved for reconsideration of the Court's order to the extent that it applies to certain of the defendants, including the Conference of Grand Masters. Plaintiffs claim that the Court failed to analyze Plaintiffs' claim of specific

personal jurisdiction with respect to three of Plaintiffs' causes of action – intentional misrepresentation, negligent misrepresentation, and civil conspiracy. The jurisdictional facts alleged by Plaintiffs are insufficient to support this Court's exercise of personal jurisdiction over the Conference of Grand Masters with respect to any of the Plaintiffs' causes of action. As such, Plaintiff's Motion for Reconsideration as to the Conference of Grand Masters should be denied.

## II.   JURISDICTIONAL FACTS.

On reconsideration, Plaintiffs claim that the Conference of Grand Masters engaged in activity "directed at individuals and organizations in New Hampshire" by "publish[ing]" to its members, including the Masonic Grand Lodge of New Hampshire, a report in which the Commission on Information for Recognition declared the Great Priory of Occitania irregular (the "Commission's Report"). See Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration at 3 ("Plaintiffs' MOL"); Declaration at ¶ 17 & n.4. Plaintiffs allege that the Commission's Report was first published at the February 2011 meeting of the Conference of Grand Masters in Denver, Colorado, and was thereafter published on the Conference of Grand Masters' website. See Affidavit of Thomas X. Tsirimokos at ¶ 6, attached as Exhibit 1 to Memorandum of Law in Support of Plaintiffs' Objection to Motions to Dismiss (hereinafter, "Tsirimokos Aff."); Affidavit of Glenn Means at ¶ 23, attached as Exhibit C to the Memorandum of Law in Support of Motion to Dismiss by the Conference of Grand Masters and others. Plaintiffs allege that they have been damaged in New Hampshire as a result of the publication of the Commission's Report because the declaration that the Great Priory of Occitania is irregular has deprived Plaintiffs "of the ability to receive charitable funds or administer the[ir] charities." See Plaintiffs' MOL at 5; Tsirimokos Aff. at ¶ 8.

**III.     ARGUMENT.**

Plaintiffs' motion for partial reconsideration, at least as it pertains to the Conference of Grand Masters, must be denied. This Court did not err in concluding that it lacks specific personal jurisdiction over the Conference of Grand Masters with respect to each of Plaintiffs' causes of action.

**A.     The Applicable Legal Standard.**

"On a motion to dismiss for want of personal jurisdiction, the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 8 (1st Cir. 2009) (hereinafter, "Astro-Med"). The court usually employs the prima facie method for assessing the plaintiff's jurisdictional claim, unless it instructs the parties that it will do otherwise. See Northern Laminate Sales, Inc. v. Davis, 403 F.3d 14, 22 (1st Cir. 2005) (hereinafter, "Northern Laminate"). Using this approach, the court considers "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Id. (quotation omitted). The plaintiff must go beyond its pleadings and make affirmative proof of relevant jurisdictional facts. United States v. Swiss American Bank, Ltd., 274 F.3d 610, 619 (1st Cir. 2001) (hereinafter, "Swiss Am. Bank"). The court does not "credit conclusory allegations or draw far-fetched inferences," but will accept the plaintiff's properly documented evidentiary proffers as true and construe them in the light most favorable to the plaintiff's jurisdictional claim. Mass. School of Law at Andover, Inc. v. American Bar Assoc., 142 F.3d 26, 34 (1st Cir. 1998) (hereinafter, "Mass. Sch. of Law"); Northern Laminate, 403 F.3d at 25. The court also considers facts put forth by the defendant, to the extent that they are uncontradicted. Astro-Med, 591 F.3d at 8.

### B. Specific Personal Jurisdiction.

To support a finding of specific personal jurisdiction over the Conference of Grand Masters, Plaintiffs must establish: (a) that Plaintiffs' claims against the Conference of Grand Masters directly relate to or arise out of the Conference of Grand Masters' contacts with New Hampshire; and (b) that the Conference of Grand Masters' contacts with New Hampshire constitute purposeful availment of the benefits and protections of New Hampshire law. See Swiss Am. Bank, 274 F.3d at 620-21. If Plaintiffs establishes those two requirements, then the court must also analyze the overall reasonableness of exercising jurisdiction over the Conference of Grand Masters. See id. at 621.

Plaintiffs allege that the Conference of Grand Masters had contact with the State of New Hampshire when it published the Commission's Report on its website, which website is accessible in New Hampshire. Plaintiffs claim, on reconsideration, that this contact satisfies the relatedness prong of the specific jurisdiction analysis. See Plaintiffs' MOL at 5. Even if Plaintiffs' claim is true, Plaintiffs' jurisdictional claim fails because Plaintiffs cannot satisfy the second prong of the specific personal jurisdiction analysis – purposeful availment.

Plaintiffs must establish that the Conference of Grand Masters' alleged New Hampshire contacts "represent a purposeful availment of the privilege of conducting activities in [New Hampshire], thereby invoking the benefits and protections of [New Hampshire's] laws and making [the Conference of Grand Masters'] involuntary presence before [New Hampshire's] courts foreseeable." Astro-Med, 591 F.3d at 10 (quotation omitted). "The function of the purposeful availment requirement is to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state." Sawtelle v. Farrell, 70 F.3d 1381, 1391 (1st Cir. 1995) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S.

770, 774 (1984)). The focus of the inquiry is on whether the Conference of Grand Masters has "engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just or reasonable." Id. (quotation omitted). The "cornerstones" of the purposeful availment inquiry are "voluntariness and foreseeability." Id.; Astro-Med, 591 F.3d at 10.

Plaintiffs base their claim of jurisdiction entirely upon the allegation that the impact of the Conference of Grand Masters' alleged misrepresentation was felt by the Grand Encampment and by the Grand Commanderies of each state, including that of New Hampshire. See Plaintiffs' MOL at 6. However, the in-state effects of a defendant's out-of-state actions, without more, is insufficient to support the exercise of personal jurisdiction. See, e.g., Swiss Am. Bank, 274 F.3d at 623-25; Mass. Sch. of Law, 142 F.3d at 36; Noonan v. Winston Co., 135 F.3d 85, 90-91 (1st Cir. 1998); Sawtelle, 70 F.3d at 1390. Plaintiffs must also establish that the Conference of Grand Masters acted toward New Hampshire "with sufficient intent to make [them] reasonably anticipate being haled into court" here. Noonan, 135 F.3d at 90 (quotation omitted). Plaintiffs must establish more than the Conference of Grand Masters' mere knowledge that the Grand Encampment has a Grand Commandery in New Hampshire. Harbour Capital Corp. v. Allied Capital Corp., 2009 DNH 106, 6 (July 22, 2009); Situation Management v. ASP.Consulting Group, Docket No. 05-cv-458-PB, 2006 WL 2349335, *5 (D.N.H. Aug. 15, 2006) (Barbadoro, J.). Plaintiffs must show that the Conference of Grand Masters "expressly aimed [their] conduct at the forum," Situation Management, 2006 WL 2349335 at *5 (quotation omitted), "thereby making the forum the focal point of the tortious activity," Nasuti v. Kimball, Docket No. 09-cv-30183-MAP, 2010 WL 2639854 (D.Mass. June 29, 2010) (Ponsor, J.) (quotation omitted).

On reconsideration, Plaintiffs claim that the purposeful availment requirement has been satisfied because the Conference of Grand Masters "sen[t] an intentional misrepresentation into" New Hampshire by publishing the Commission's Report to the member Grand Lodges, including the Grand Lodge of New Hampshire, via the Conference of Grand Masters' website. See Plaintiffs' MOL at 6. Plaintiffs cite to Calder v. Jones, 465 U.S. 783, 789 (1984), in support of their claim.

In Calder, two Florida residents were sued in California for libeling a California actress in the National Enquirer. Id. at 789-90. The publication involved the actress's California activities and was drawn from California sources. The brunt of the harm to the actress was felt in California. The Supreme Court upheld the exercise of specific personal jurisdiction over the two defendants "because the defendants had aimed an act at the forum state, knew the act would likely have a devastating effect, and knew the injury would be felt in the forum state, where [the actress] lived and worked and in which the National Enquirer had its largest circulation." Id. at 790 (quotation omitted).

This case is not analogous to Calder. Here, the alleged misrepresentation was published on the Conference of Grand Masters' website. It was aimed at New Hampshire only in the sense that it was accessible by residents of New Hampshire, to the same extent it was accessible by residents of any other state. The subject of the alleged misrepresentation was the Great Priory of Occitania, which Plaintiffs do not allege is located in New Hampshire. Plaintiffs claim that the alleged misrepresentation was targeted, by implication, at the Grand Encampment, but the Grand Encampment is not located in New Hampshire either. Nothing in the alleged misrepresentation was aimed specifically at any New Hampshire organization or individual. In fact, Plaintiffs allege that the purpose or effect of the alleged misrepresentation was "to motivate and encourage

others to disseminate [the alleged misrepresentation] throughout the Grand Lodges [of Masons] and Grand Commanderies [of Knights Templar] of all fifty states, including New Hampshire." Declaration at ¶ 28 (emphasis added); see id. at ¶¶ 20, 25. The Conference of Grand Masters did nothing to encourage residents of New Hampshire – as opposed to the world at large – to treat the Great Priory of Occitania or, by implication, the Grand Encampment, as irregular. Purposeful availment cannot be found on these facts. Cf. BraodVoice, Inc. v. TP Innovations LLC, 733 F. Supp. 2d 219, 226 (D. Mass. 2010) (no purposeful availment where defamatory website was not aimed specifically at Massachusetts); see Gentle Wind Project v. Garvey, No. 04-103-P-C, 2005 WL 40064, *8 (D. Me. January 10, 2005) ("application of Calder in the Internet context requires proof that the out-of-state defendant's Internet activity is expressly targeted at or directed to the forum state;" the defendant must "manifest an intent to target and focus on [the forum state's] readers"); id. at *7 (no purposeful availment in Maine where out-of-state defendant made allegedly defamatory statements regarding activities of Maine-based non-profit). Moreover, the alleged damaging effect of the Commission's Report was felt by the Grand Encampment, which is not in New Hampshire, and/or its charities, which also are not in New Hampshire. See Order at 10 (January 18, 2012).

Plaintiffs cannot establish that the Conference of Grand Masters acted toward New Hampshire with sufficient intent to make it reasonably anticipate being haled into court here. The focal point of the Conference of Grand Masters' alleged tortious activity was not New Hampshire. The impact felt in New Hampshire, if any, was nothing more than a "'random, isolated, or fortuitous'" result of the Conference of Grand Masters' out-of-state conduct. See Sawtelle, 70 F.3d at 1391 (quoting Keeton, 465 U.S. at 774).

The third stage of the specific personal jurisdiction analysis asks whether the exercise of personal jurisdiction over the Defendants is reasonable. The analysis of reasonableness has been said to evoke a sliding scale, such that the weaker the Plaintiffs' showing on the first two prongs of the analysis, the less Defendants need to show in terms of unreasonableness to defeat jurisdiction. Sawtelle, 70 F.3d at 1394. However, if Plaintiffs fail to establish relatedness and purposeful availment, the court need not consider this third prong at all. Id. If, on reconsideration, this Court chooses to consider the reasonableness of exercising personal jurisdiction in this case, the Conference of Grand Masters refers the Court to its argument on this point set forth in its Memorandum of Law in Support of its Motion to Dismiss, which is incorporated herein by reference. It would not be reasonable to litigate this matter in New Hampshire.

## IV.     CONCLUSION.

Plaintiffs' claims motion for reconsideration of this Court's order dismissing Plaintiffs' claims against the Conference of Grand Masters for lack of personal jurisdiction must be denied, as the events underlying Plaintiffs' claims occurred outside of the State of New Hampshire and the Conference of Grand Masters has insufficient contacts with the State of New Hampshire to justify this Court's exercise of personal jurisdiction over it.

Respectfully submitted,

CONFERENCE OF GRAND MASTERS OF MASONS IN NORTH AMERICA, INC.,

By its attorneys,

WIGGIN & NOURIE, P.A.

Dated: February 14, 2012    By: */s/ Jennifer Turco Beaudet*
　　　　　　　　　　　　　　　　Thomas J. Pappas, Esq. (Bar. No. 4111)
　　　　　　　　　　　　　　　　Jennifer Turco Beaudet, Esq. (Bar. No. 17174)
　　　　　　　　　　　　　　　　P.O. Box 808
　　　　　　　　　　　　　　　　Manchester, NH 03105-0808
　　　　　　　　　　　　　　　　(603) 669-2211
　　　　　　　　　　　　　　　　tpappas@wiggin-nourie.com
　　　　　　　　　　　　　　　　jbeaudet@wiggin-nourie.com

## CERTIFICATE OF SERVICE

A copy of the foregoing Objection of Defendant Conference of Grand Masters of Masons in North America, Inc. to Plaintiffs' Motion for Partial Reconsideration of Order Granting Motions to Dismiss has this day been forwarded via CM/ECF to:

Mark A. Darling, Esquire
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500
darling@litchfieldcavo.com
Counsel for Defendants G. Santy Lascano, David P. Owen, and William R. Miller

Lawrence B. Gormley, Esq.
Hoefle, Phoenix, Gormley & Roberts, P.A.
402 State Street
Portsmouth NH 03802-4480
(603) 436-0666
LGormley@hpgrlaw.com
Counsel for Defendant Ronald Andress

Michael D. Ramsdell
Orr & Reno
One Eagle Square
P.O. Box 3550
Concord, NH  03302-3550
(603) 224-2381
mramsdell@orr-reno.com
Counsel for Plaintiffs

Jaime N. Hage, Esquire
Kathleen Davidson, Esquire
HAGE HODES PA
1855 Elm Street
Manchester, NH   03104
(603) 668-2222
JHage@hagehodes.com
KDavidson@hagehodes.com
Counsel for Defendant Glenn E. Almy

Dated: February 14, 2012              By:  */s/ Jennifer Turco Beaudet*
                                           Jennifer Turco Beaudet, Esq. (Bar. No. 17174)